■ In the Matter of EUGENE J. LAURITANO, Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent. —Kane, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 23, 1987, which assessed the employer for additional unemployment insurance contributions.

The employer herein, a real estate appraiser, has been assessed additional unemployment contributions for other real estate appraisers who performed work assigned to them by the employer on the ground that they were his employees rather than independent contractors. In our view, that decision must be reversed for lack of substantial evidence that an employment relationship exists between the employer and the various other independent appraisers who performed services on his behalf (see, Matter of Ted Is Back Corp. [Roberts], 64 NY2d 725).

Here, the employer maintained a pool of six individuals who were available to assist him in the appraisal of residential and commercial real properties for various lenders, primarily banks, who retained the services of the employer. These individuals, qualified appraisers, called in to request assignments from the employer as they saw fit. They worked their own hours, were not subject to any schedule imposed by the employer and were not required to report to him on a regular basis. There was no schedule of hours of work and they would come to his office or call in whenever they desired an assignment. There were no restrictions on working for other people, on their own or in any other type of employment. There were no business cards or other materials furnished by the employer, nor was any office space available for them, although they could use the telephone in the office for personal matters. They provided their own cameras for photographing appraisal sites and were required to pay the costs of film and developing. The only forms they were provided with were standard Federal National Mortgage Association forms which the employer obtained from various lending institutions for the purpose of the appraisals. These appraisers paid all of their own expenses, none· of which were reimbursed. The employer forwarded their appraisals to the lending institutions along with his bill for services and then paid the particular appraiser a percentage of that fee upon receipt of payment by the employer. The percentage ranged from 35% to 50% in accordance with industry practice and the experience of the particular appraiser.

It is our view that there is no evidence in this record to support the determination of the Unemployment Insurance Appeal Board that there existed an employer/employee relationship between this employer and the independent appraisers who assisted him *(see, Matter of Ted Is Back Corp. [Roberts], supra).*

Decision reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.