■ In the Matter of TROY PUBLISHING COMPANY, INC., Doing Business as THE TIMES RECORD, Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent. [644 NYS2d 392] —Mercure, J.

Troy Publishing Company, Inc. is the publisher of *The Times Record*, a newspaper published in the City of Troy, Rensselaer County, with a daily circulation of approximately 40,000. In addition to its full-time staff of reporters, photographers and editors, Troy Publishing employs about 35 news correspondents and 12 to 15 feature columnists. While it is undisputed that these correspondents and columnists were considered to be employees up to the end of 1987, Troy Publishing maintains that on January 1, 1988, it revised the status of these workers from employees to independent contractors, for whom Troy Publishing had no obligation to remit unemployment insurance contributions.

Following an audit conducted by the Department of Labor,

Troy Publishing was assessed an additional contribution of $6,814.62 for the audit period from January 1, 1987 through March 31, 1990, representing the sum by which Troy Publishing had underpaid its contributions based upon its contention that its correspondents and columnists were employed as independent contractors effective January 1, 1988.

A hearing was held before an Administrative Law Judge (hereinafter ALJ) where testimony was adduced showing that Troy Publishing's correspondents and columnists had been paid monthly salaries until January 1, 1988, after which they were paid on a piecework basis, from $20 to $50 per column or story, the rate having been determined during negotiations with each individual writer. Troy Publishing paid for all stories assigned or approved in advance, without regard to whether they were printed. Although Troy Publishing had the right of first refusal over all writings submitted to it, rejected work could be submitted to and published in competing publications. The deadlines that had been imposed on work prior to 1988 were dropped. Instead, a $5 bonus was paid for each story received no later than one day after it was assigned. The correspondents and columnists had no obligation to keep a record of their work hours and were free to refuse assignments.

The ALJ ruled that the correspondents and columnists had been employed as independent contractors from January 1, 1988 through March 31, 1990. After various administrative proceedings, however, the Unemployment Insurance Appeal Board reversed that determination, finding that Troy Publishing had exercised sufficient control over the professional services of its correspondents and columnists to establish an employer-employee relationship for the purposes of unemployment insurance.

This Court will not disturb a determination identifying professional workers as employees so long as there is substantial evidence in the record demonstrating the employer's "control over important aspects of the services performed" (*Matter of Concourse Ophthalmology Assocs. [Roberts]*, 60 NY2d 734, 736). This is true even if the workers retain control over their work product and the means of crafting it (*see, supra; see also, Matter of England [Levine]*, 38 NY2d 829, 830). We find that there is substantial evidence to support the Board's finding here. Troy Publishing continued to exercise considerable control over its correspondents and columnists even after the terms of their employment were revised in 1988. They were assigned regular "beats" and/or general topics, such as reporting on school board or town board meetings, and the stories they

submitted were heavily edited for grammar, style and length before publication. Although they could write for other publications, Troy Publishing expected them to submit their work to it first. Troy Publishing's argument concerning nationally syndicated columnists is specious because the audit did not include them.

We conclude that substantial evidence supports the Board's finding that Troy Publishing exercised sufficient control over the work of the individuals at issue here to render them employees for whom Troy Publishing was required to make unemployment insurance contributions (*see, Matter of Polinsky [Hartnett]*, 163 AD2d 684, 685; *Matter of Wells [Utica Observer-Dispatch & Utica Daily Press—Roberts]*, 87 AD2d 960, *affd* 59 NY2d 638).

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the decision is affirmed, without costs.