■ In the Matter of the Claim of BONNIE A. ATELEK, Respondent. HEAD HUNTERS HAIR DESIGN, Appellant; COMMISSIONER OF LABOR, Respondent. (And Another Related Claim.) [717 NYS2d 414] —Appeals from two decisions of the Unemployment Insurance Appeal Board, filed June 22, 1999, which, *inter alia*, ruled that Head Hunters Hair Design was liable for additional unemployment insurance contributions based upon remuneration paid to claimant and those similarly situated.

Head Hunters Hair Design is a beauty salon operated by two partners. The salon has four stations for stylists and the partners rent out the stations they are not using to other beauticians, such as claimant, through advertisements or inquiries. These beauticians were required to provide proof that they properly were licensed to provide services. Although the beauticians provided their own tools, the salon provided a sink, chair, hair dryers, towels and some products and supplies. The beauticians verbally agreed to pay the salon 60% of their daily sales with a minimum payment of $25 per day. These beauticians were not required to have their own clientele and walk-in customers were serviced by whoever was available, including new clients brought in by the salon's special promotions. The salon maintained a central record of the beauticians' appointments and fees charged. Sometimes the salon's receptionist would book appointments for the beauticians and make sure there were no double bookings. The beauticians would collect the fees from the clients and deposit them in the salon's cash register. At the end of each week, the beauticians would verify their sales against the salon's records and the salon would then pay out the appropriate percentage.

The Unemployment Insurance Appeal Board ruled that the salon exercised sufficient direction and control over claimant's work to establish the existence of an employment relationship (*see, Matter of Dolhon [United Group Agency—Sweeney]*, 236 AD2d 749). While it is true that the beauticians provided professional services, this Court has held in a similar case that an organization such as a beauty salon "which solicits or screens the services of individuals skilled in professional endeavors, agrees to pay them at an established rate and then offers their services to clients, exercises sufficient control to create an employment relationship" (*Matter of Doktor Hair [Hartnett]*, 142 AD2d 800, 801). Given the proof in the record and the inferences that can be drawn therefrom, we conclude that, despite the fact that the beauticians signed independent contractor agreements, the record nevertheless contains substantial evidence to support the Board's finding that the sa-

lon exercised sufficient control over important aspects of the services performed by claimant and the other beauticians to establish an employment relationship (*see, id.*; *see also, Matter of Benjamin [Cavanaugh—Commissioner of Labor]*, 265 AD2d 772).

The remaining arguments raised by the salon have been examined and found to be unpersuasive.

Crew III, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the decisions are affirmed, without costs.