■ In the Matter of MAGILL ASSOCIATES INC., Appellant. COMMISSIONER OF LABOR, Respondent. [745 NYS2d 135] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 30, 2001, which assessed Magill Associates Inc. for additional unemployment insurance contributions.

Magill Associates Inc. is a staffing service for clients seeking to hire workers. To locate prospective workers, Magill hires recruiters with expertise in various areas of employment. Finding that these recruiters were Magill's employees rather than *independent contractors*, the Unemployment Insurance Appeal Board assessed Magill for additional unemployment insurance contributions based upon the remuneration it had paid them

during the period from January 1, 1996 through September 30, 1998.* Magill appeals.

This Court will not disturb a decision of the Board which finds that workers are employees rather than independent contractors provided there is substantial evidence in the record that the employer exercised "control over important aspects of the services performed" (*Matter of Concourse Ophthalmology Assoc. [Roberts]*, 60 NY2d 734, 736; *see generally, Matter of Troy Publ. Co. [Hudacs]*, 228 AD2d 877, *lv denied* 89 NY2d 803). In the instant matter, substantial evidence supports the Board's finding that Magill exercised sufficient control over the services performed by the recruiters to establish their status as employees. Magill provided the recruiters with various indicia of employment, including office space, telephone reception service, business cards and stationery bearing Magill's name (*see, Matter of Atac [Fashion Realty Group—Commissioner of Labor]*, 265 AD2d 777). In addition, Magill reimbursed certain of the recruiters' expenses incurred for entertaining clients and attendance at meetings. It reviewed and edited the recruiters' advertising submitted to newspapers and it had final say over any placements suggested by the recruiters. The recruiters were required to identify themselves as representatives of Magill when making work-related contacts and were required to notify Magill of planned absences. We conclude that although there was evidence that might justify a contrary conclusion, the Board's finding of an employment relationship is supported by substantial evidence in the record. Therefore, we will not disturb that determination (*see, Matter of Kaplan [Tupperware Distrib.—Commissioner of Labor]*, 257 AD2d 951, *lv dismissed* 93 NY2d 920).

Cardona, P.J., Mercure, Crew III, Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.

---

* The amount originally assessed against Magill was reduced after four of its recruiters were dropped from the list of contested workers for reasons not relevant to the matter under review.