In the Matter of the Claim of THOMAS A. LA FLEUR, Respondent. LTI, INC., Appellant; COMMISSIONER OF LABOR, Respondent. [811 NYS2d 467]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 12, 2004, which, inter alia, ruled that LTI, Inc. was liable for unemployment insurance contributions on remuneration paid to claimant and others similarly situated.

LTI, Inc. contracts with businesses to test individuals for proficiency in various languages under an exclusive license from the American Council on the Teaching of Foreign Languages (hereinafter ACTFL). The United States Postal Service retained LTI to administer ACTFL English writing tests to candidates seeking employment as postal inspectors. In connection with this project, LTI hired claimant to rate such tests and he did so from June 2003 through December 2003. Claimant subsequently filed an application for unemployment insurance benefits and the Unemployment Insurance Appeal Board ultimately ruled that he was eligible to receive them because LTI was his employer and it was therefore liable for remuneration paid to him as well as others persons similarly situated. LTI now appeals.

We affirm. The existence of an employment relationship is a factual issue for the Board to resolve and its determination will not be disturbed if supported by substantial evidence (*see Matter of Zelenka [Versace Profumi USA—Commissioner of Labor]*, 304 AD2d 927, 928 [2003]). In making this determination, evidence of control over the results produced or the means used to achieve those results are relevant considerations, with the latter being more important (*see Matter of Ted Is Back Corp. [Roberts]*, 64 NY2d 725, 726 [1984]; *Matter of Stuckelman [Blodnick, Gordon, Fletcher & Sibell, P.C.—Commissioner of Labor]*, 16 AD3d 882, 882 [2005]). Here, evidence was presented that LTI placed its own newspaper advertisement for claimant's position, paid for claimant to obtain training and to become certified through the ACTFL, dictated the terms under which the examinations would be sent to claimant, including the number and the deadline for their return, prescribed the mode for the return of the examinations and paid the postage, established claimant's rate of pay and facilitated the quality assurance program mandated by the ACTFL. In our view, the foregoing demonstrates that LTI exercised a sufficient indicia of control to classify it as claimant's employer, notwithstanding the existence of evidence that would support a contrary conclusion (*see e.g. Matter of Yank [National Evaluation Sys.—Sweeney]*, 247 AD2d 806 [1998], *lv denied* 92 NY2d 804 [1998]).

Peters, J.P., Spain, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.