■ In the Matter of JOONBUG PRODUCTIONS, INC., Appellant. COMMISSIONER OF LABOR, Respondent. [825 NYS2d 318]—

Mercure, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 22, 2005, which assessed JoonBug Productions, Inc. for unemployment insurance contributions on remuneration paid to its photographers.

JoonBug Productions, Inc. is an interactive marketing company that markets and promotes night clubs and social

events to the public through Web site advertising. As part of its services, JoonBug provides photographers to take pictures at these events which are then posted on the JoonBug Web site where they can be viewed and, if desired, purchased. In October 2004, the Department of Labor issued a determination that the photographers who render services to JoonBug are employees and not independent contractors. Upon JoonBug's challenge, the Administrative Law Judge, after a hearing, upheld the determination and the Unemployment Insurance Appeal Board agreed. JoonBug now appeals.

Whether an employer-employee relationship exists is a factual question for the Board to resolve and we will not disturb the Board's determination as long as it is supported by substantial evidence (see *Matter of Kelly [Frank Gallo, Inc.—Commissioner of Labor]*, 28 AD3d 1044, 1045 [2006], *lv dismissed* 7 NY3d 844 [2006]; *Matter of Lambert [Staubach Retail Servs. New England, LLC—Commissioner of Labor]*, 18 AD3d 1049, 1050 [2005]). "In making this determination, evidence of control over the results produced or the means used to achieve those results are relevant considerations, with the latter being more important" (*Matter of La Fleur [LTI, Inc.—Commissioner of Labor]*, 27 AD3d 935, 936 [2006], *lv dismissed* 7 NY3d 783 [2006] [citations omitted]; *see Matter of Lambert [Staubach Retail Servs. New England, LLC—Commissioner of Labor]*, supra at 1050).

Testimony and exhibits presented at the hearing revealed that JoonBug not only set the rate at which the photographers were paid, but it required the photographers to adhere to specific policies regarding appropriate dress and conduct (*see Matter of O'Toole [Biomet Marx & Diamond, Inc.—Commissioner of Labor]*, 13 AD3d 767, 768 [2004]). In addition, JoonBug specified certain product guarantees, including a specific time by which the photographers had to submit the photographs, as well as defining what was a usable picture. JoonBug also required its photographers to hand out a marketing card, bearing JoonBug's name and Web site, to each person whose pictures were taken. Finally, the fact that the photographers had certain freedoms with respect to taking these pictures is not dispositive inasmuch as "the issue here involves professional services which do not lend themselves to close supervision or control" (*Matter of Goldberg [Coronet Studio of Scarsdale—Hudacs]*, 187 AD2d 823, 824 [1992], *lv denied* 81 NY2d 708 [1993]; *see Matter of Troy Publ. Co. [Hudacs]*, 228 AD2d 877, 878 [1996], *lv denied* 89 NY2d 803 [1996]). Under these circumstances, there is substantial evidence to support the Board's decision that these photographers are employees of JoonBug, even if evidence ex-

ists to support a contrary conclusion (*see Matter of Concourse Ophthalmology Assoc. [Roberts]*, 60 NY2d 734, 736-737 [1983]; *Matter of Fitness Plus [Commissioner of Labor]*, 293 AD2d 909, 910 [2002]).

Cardona, P.J., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.