■ In the Matter of the Claim of KRISTEN M. VIIG, Respondent. HELLO WORLD LANGUATE CENTER, INC., Appellant; COMMISSIONER OF LABOR, Respondent. [886 NYS2d 246]—

Mercure, J.P. Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 20, 2007, as resettled by a decision filed December 28, 2007, which ruled that Hello World Language Center, Inc. was liable for additional unemployment insurance contributions based upon remuneration paid to claimant and others similarly situated.

Claimant worked for Hello World Language Center, Inc. as a part-time instructor for several months in 2004. She applied for unemployment insurance benefits the following year after her job with a subsequent employer ended. The Commissioner of Labor determined that Hello World was liable for additional unemployment insurance contributions because claimant and all other similarly situated part-time instructors were employees rather than independent contractors. Hello World's objection to that determination was sustained by an Administrative Law Judge following a hearing. Upon review, the Unemployment Insurance Appeal Board reversed, prompting this appeal.

We affirm. A determination identifying professional workers as employees will be upheld if substantial evidence in the record demonstrates that the employer had "control over important aspects of the services performed" (*Matter of Concourse Ophthalmology Assoc. [Roberts]*, 60 NY2d 734, 736 [1983]), "even if the workers retain control over their work product and the means of crafting it" (*Matter of Troy Publ. Co. [Hudacs]*, 228 AD2d 877, 878 [1996], *lv denied* 89 NY2d 803 [1996]). Here, claimant testified that she was subjected to a performance review and that Hello World provided her with feedback after observing her in the classroom. She was required to maintain a daily teaching log, which reflected what materials she covered in a given class and provided verification to Hello World as to who was present, including claimant. She was also required to submit a time sheet to Hello World, which would pay her on an hourly rate out of funds that it collected directly from students. Finally, Hello World provided a stipend for class materials and the use of a photocopier, and established the schedule of classes that claimant taught. Accordingly, "notwithstanding the existence of a written contract identifying claimant as an independent contractor and other evidence in the record that could support a contrary result" (*Matter of Wright [Central Transp., Inc.—Commissioner of Labor]*, 58 AD3d 988, 989-990 [2009]; *lv dismissed* 12 NY3d 843 [2009]), substantial evidence supports the Board's determination that an employer-employee relationship existed (*Matter of Fitness Plus [Commissioner of Labor]*, 293 AD2d 909, 910 [2002]). Hello World's remaining contentions have been reviewed and are determined to be without merit.

Lahtinen, Kane, McCarthy and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.