■ In the Matter of the Claim of JASON D. ROSEN, Respondent. VIDICOM, INC., Appellant; COMMISSIONER OF LABOR, Respondent. [901 NYS2d 401]—

Malone Jr., J. Appeals from two decisions of the Unemployment Insurance Appeal Board, filed November 7, 2008, which ruled that Vidicom, Inc. was liable for unemployment insurance contributions on remuneration paid to claimant and others similarly situated.

Vidicom, Inc. is a video production company that provides video clips of various events for its clients to broadcast in different media outlets. Claimant was retained by Vidicom to videotape specific events and to edit videotaped footage. The Unemployment Insurance Appeal Board ruled, in two separate decisions, that claimant and other similarly situated individuals were employees of Vidicom and assessed it additional unemployment insurance contributions. Vidicom now appeals.

As an initial matter, we note that the existence of an employment relationship is a factual issue for the Board to decide and its decision will not be disturbed if supported by substantial evidence (*see Matter of Automotive Serv. Sys., Inc. [Commissioner of Labor]*, 56 AD3d 854, 855 [2008]; *Matter of Kelly [Frank Gallo, Inc.—Commissioner of Labor]*, 28 AD3d 1044, 1045 [2006], *lv dismissed* 7 NY3d 844 [2006]). Significantly, where the work of professionals is involved, the pertinent inquiry in determining the existence of an employment relationship is whether the purported employer exercises "control over important aspects of the services performed other than results or means" (*Matter of Concourse Ophthalmology Assoc. [Roberts]*, 60 NY2d 734, 736 [1983]; *see Matter of Brevis Music Inc. [Commissioner of Labor]*, 54 AD3d 1084, 1085 [2008], *lv denied* 11 NY3d 712 [2008]). Upon reviewing the record in this case, we cannot conclude that Vidicom exercised the requisite control necessary to establish the existence of an employment relationship.

Vidicom did not interview or screen claimant, but retained him after obtaining his name through a referral. In addition, it did not set a particular work schedule, impose specific time deadlines or instruct claimant in the manner of performing the work. Rather, it merely advised him of when and where to report to an assignment and, when the assignment was complete, claimant gave Vidicom the videotape. Claimant was free to refuse an assignment and to work for others, was not required to attend meetings or prepare reports, did not sign a written contract, receive fringe benefits, or exhibit logos or other identifying information associating him with Vidicom. Claimant

was compensated at the pay rate, which he negotiated, of $22 per hour and submitted invoices for his services after his assignments were complete. In addition to shooting videotape, claimant periodically edited his own work and that of others, but Vidicom arranged to have others edit his work if he was not available. Claimant had his own camera and computer equipment which he used to perform his duties. He worked at home as well as at Vidicom's office, but was not required to report there and did not have an assigned work station.

Viewing the evidence in totality, we cannot conclude that Vidicom retained control over important aspects of claimant's work as is required to demonstrate the existence of an employment relationship (*see e.g. Matter of International Student Exch. [Commissioner of Labor]*, 302 AD2d 834 [2003]; *Matter of Lauritano [Hartnett]*, 153 AD2d 997 [1989]; *compare Matter of Singh [Thomas A. Sirianni, Inc.—Commissioner of Labor]*, 43 AD3d 498 [2007]; *Matter of JoonBug Prods., Inc. [Commissioner of Labor]*, 35 AD3d 997 [2006]). We disagree with the Board's findings that Vidicom's retention of responsibility to clients, purported ownership of claimant's work product, method of compensating claimant, reimbursement of limited travel expenses and occasional provision of staff and/or equipment is sufficient to establish existence of an employment relationship under the particular circumstances here. Accordingly, substantial evidence does not support the Board's decisions.

Mercure, J.P., Spain, Lahtinen and Kavanagh, JJ., concur. Ordered that the decisions are reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.