■ In the Matter of the Claim of DWIGHT J. WELLS, Respondent. MADISON CONSULTING, INC., Appellant. COMMISSIONER OF

LABOR, Respondent. (And Another Related Claim.) [908 NYS2d 466]—

Garry, J. Appeals from two decisions of the Unemployment Insurance Appeal Board, filed August 15, 2008, which, among other things, ruled that Madison Consulting, Inc. was liable for additional unemployment insurance contributions on remuneration paid to claimant and those similarly situated.

Madison Consulting, Inc. is engaged in the business of providing management and operational consulting services to large financial institutions. Following September 11, 2001, Madison was hired by various institutions to provide consultants to work on projects targeted at uncovering potential money laundering activities and also to prepare suspicious activity reports. Madison, in turn, retained claimant and other like individuals to assist in identifying such activities and preparing such reports. In connection with their assignments, claimant and these individuals entered into independent consulting agreements with Madison. After claimant was no longer working for Madison, he filed a claim for unemployment insurance benefits. Following extended proceedings, the Unemployment Insurance Appeal Board concluded that claimant and other similarly situated individuals who provided consulting services were employees of Madison. Accordingly, it issued decisions awarding claimant unemployment insurance benefits and assessing Madison for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated. Madison appeals.

We affirm. Initially, we note that the existence of an employment relationship is a factual issue for the Board to resolve and its determination will be upheld if supported by substantial evidence (*see Matter of Concourse Ophthalmology Assoc. [Roberts],*

60 NY2d 734, 736 [1983]; *Matter of Brevis Music Inc. [Commissioner of Labor]*, 54 AD3d 1084, 1085 [2008], *lv denied* 11 NY3d 712 [2008]). Where professionals are involved, the relevant inquiry is "whether the purported employer retains overall control of important aspects of the services performed" (*Matter of Piano School of N.Y. City [Commissioner of Labor]*, 71 AD3d 1358, 1359 [2010]; *see Matter of Concourse Ophthalmology Assoc. [Roberts]*, 60 NY2d at 736; *Matter of Parisi [Commissioner of Labor]*, 54 AD3d 456, 457 [2008]).

In the instant case, it was established that claimant contacted Madison after hearing about the position from another consultant and that Madison conducted an interview to ascertain if claimant was suited for the job. Madison, in turn, sent claimant a written contract setting his compensation at $350 per day and referred him to the client who performed a background check, provided training and directed his daily work activities. Under the terms of the contract, claimant was precluded from otherwise working for Madison's client companies or partners during the term of the assignment and for one year thereafter, was subject to client confidentiality agreements and was entitled to reimbursement of certain business expenses. In order to obtain payment, claimant was required to complete a time sheet provided by Madison to be submitted at times it directed. In addition, although Madison did not provide formal training, it supplied claimant with informational booklets on its clients' policies and procedures, had a representative conduct site visits to periodically meet with the consultants and responded to client complaints about consultants' work.

This Court has acknowledged that " 'an organization which screens the services of professionals, pays them at a set rate and then offers their services to clients exercises sufficient control to create an employment relationship' " (*Matter of Singh [Thomas A. Sirianni, Inc.—Commissioner of Labor]*, 43 AD3d 498, 499 [2007], quoting *Matter of Kimberg [Hudacs]*, 188 AD2d 781, 781 [1992]; *see Matter of Atelek [Head Hunters Hair Design—Commissioner of Labor]*, 278 AD2d 560, 560 [2000]). The record reveals that Madison did more than this, as indicated by its interaction with the consultants, responsibility for their work and the terms of the written contract. The fact that the contract was entitled an "Independent Consultant Agreement" is not dispositive (*see Matter of Kaplan [Tupperware Distrib.—Commissioner of Labor]*, 257 AD2d 951, 952 [1999], *lv dismissed* 93 NY2d 920 [1999]). Accordingly, as substantial evidence supports the Board's decisions, we decline to disturb them, notwithstanding evidence in the record that would support a

contrary conclusion (*see Matter of DeSantis [Commissioner of Labor]*, 54 AD3d 1103, 1104-1105 [2008]). Madison's remaining arguments have been considered and have been found to be lacking in merit.

Spain, J.P., Lahtinen, Kavanagh and Stein, JJ., concur. Ordered that the decisions are affirmed, without costs.