Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 12, 2011, which ruled that Joseph A. Lusignan Jr. was liable for unemployment insurance contribu *1537 tions based on remuneration paid to claimant and others similarly situated.
Joseph A. Lusignan Jr. performed services primarily as an installer of both commercial and residential flooring through contracts with both flooring stores and general contractors. When Lusignan would receive a contract for a job, he had a number of subcontractors, including claimant, that he would contact, give the particulars of the job, including what the job would pay, and inquire as to whether the subcontractor was interested in accepting the job. In December 2008, as relevant here, the Commissioner of Labor issued an initial determination finding that Lusignan was claimant’s employer and, as such, was liable for unemployment insurance contributions on behalf of claimant and all other persons similarly employed. Following a hearing, an Administrative Law Judge determined that Lusignan did not exercise a sufficient level of supervision, direction and control over the activities of claimant to establish an employer-employee relationship. On administrative appeal, the Unemployment Insurance Appeal Board reversed and affirmed the initial determination. Lusignan now appeals.
We reverse. The existence of an employer-employee relationship is established “when the evidence shows that the employer exercises control over the results produced or the means used to achieve the results,” with control over the means the more important factor to consider (Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010]; see Matter of Leazard [TestQuest, Inc. — Commissioner of Labor], 74 AD3d 1414, 1414 [2010]). Moreover, incidental control over the results produced, alone, will not constitute substantial evidence that an employment relationship exists (see Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d at 437; Matter of International Student Exch. [Commissioner of Labor], 302 AD2d 834, 835-836 [2003]).
Here, the record establishes that the subcontractors were free to turn down work and work for Lusignan’s competitors. After accepting a job, the subcontractors would receive the supplies and work plans from the store or general contractor and Lusignan provided no training or direction as to how the work was to be performed. The work schedule was determined by the store or general contractor and the subcontractors set their own work hours, could take days off at their own discretion and were not required to report to Lusignan on a regular basis. The subcontractors were responsible for furnishing their own tools and Lusignan did not reimburse them for expenses. Lusignan *1538 only paid the subcontractors after he had been paid for a job, paid no benefits and did not maintain insurance to cover the subcontractors. Finally, the store or general contractor would handle customer complaints.
Accordingly, while some factors cited by the Board constituted evidence of incidental control, the record as a whole does not contain sufficient evidence to establish overall control over important aspects of the subcontractors’ work so as to indicate an employer-employee relationship (see Matter of Leazard [TestQuest, Inc. — Commissioner of Labor], 74 AD3d at 1415-1416; Matter of Rosen [Vidicom, Inc. — Commissioner of Labor], 73 AD3d 1352, 1354 [2010], lv denied 15 NY3d 706 [2010]).
Peters, EJ., Rose, Lahtinen, Stein and McCarthy, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court’s decision.