Appeals from two decisions of the Umemployment Insurance Appeal Board, filed May 17, 2010, which ruled, among other things, that Jez Enterprises, Inc. was liable for unemployment insurance contributions based on remuneration paid to claimant and others similarly situated.
Jez Enterprises, Inc. is engaged in the business of providing installation and repair services for sports equipment purchased by customers of its retail clients. After responding to a newspaper advertisement, claimant was hired by Jez to install and repair such equipment and he signed a written agreement designating him an independent contractor in connection therewith. He received his work assignments via work orders that were emailed to him directly from Jez and he, in turn, made appointments with the individual customers to deliver and assemble the equipment. At the completion of a job, claimant had the customer sign the work order to indicate that the job was performed in a satisfactory manner and he then gave it to Jez. *758 Jez paid, claimant on a weekly basis after receiving work orders for work that claimant had completed. After claimant stopped working for Jez, he filed a claim for unemployment insurance benefits. The Department of Labor issued an initial determination finding claimant eligible to receive benefits and Jez liable for contributions based on remuneration paid to claimant and others similarly situated. Jez objected and requested a hearing, contending that claimant was an independent contractor. Following a hearing, an Administrative Law Judge ruled that an employment relationship existed between claimant and Jez and it sustained the initial determination. The Unemployment Insurance Appeal Board upheld these decisions and Jez now appeals.
It is well settled that the existence of an employment relationship turns upon the control exercised by the employer over the results produced or the means used to obtain those results, with control over the latter being the more important factor to consider (see Matter of Interlandi [Cremosa Foods Co., LLC— Commissioner of Labor], 70 AD3d 1150, 1150 [2010]; Matter of Rodriguez [2020 Video Voice Data, Ltd. — Commissioner of Labor], 58 AD3d 929, 929 [2009]; Matter of Kelly [Frank Gallo, Inc. — Commissioner of Labor], 28 AD3d 1044, 1045 [2006], lv dismissed 7 NY3d 844 [2006]). Upon reviewing the record here, we find that the requisite control is lacking. Significantly, it was claimant’s responsibility to contact the customer directly to schedule the work after receiving an emailed work order from Jez, the only requirement being that he do so within 48 hours. Moreover, claimant was free to decline a work assignment, in which case Jez would contact another installer, and the rate of pay was a negotiated amount which varied among installers. Although Jez provided claimant with limited training during the first week, it did not do so thereafter, and claimant performed the work based upon instructions contained in the manual that came with the equipment.
Notably, Jez did not inspect claimant’s work or require him to work a particular schedule or a specified number of hours. If there was a problem with claimant’s work that necessitated correction by another installer, claimant was responsible for reimbursing Jez for that installer’s services. In addition, Jez did not withhold taxes from claimant’s paycheck, reimburse him for expenses, or provide him with tools, transportation or any type of fringe benefits. Furthermore, in accordance with the terms of the agreement designating him an independent contractor, claimant was permitted to work for competing companies. In view of the foregoing, we conclude that Jez did not exercise *759 control over important aspects of claimant’s work so as to establish the existence of an employment relationship (see Matter of Best [Lusignan-Commissioner of Labor], 95 AD3d 1536, 1537-1538 [2012]; Matter of Rosen [Vidicom, Inc. — Commissioner of Labor], 73 AD3d 1352, 1353 [2010], lv denied 15 NY3d 706 [2010]; compare Matter of Jimenez [C & I Assoc., Inc. — Commissioner of Labor], 74 AD3d 1587, 1589 [2010]). Consequently, the Board’s decisions must be reversed.
Peters, P.J., Rose, Spain, Kavanagh and McCarthy, JJ., concur. Ordered that the decisions are reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court’s decision.