Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 7, 2011, which assessed the Professional Career Center, Inc. for additional unemployment insurance contributions.
As the result of an audit, the Commissioner of Labor determined that the Professional Career Center, Inc., which offers licensing and continuing education courses to real estate salespersons, brokers and appraisers, was liable for additional unemployment insurance contributions based upon remuneration paid to teachers. That determination was sustained upon administrative review, prompting this appeal.
“A determination identifying professional workers as employees will be upheld if substantial evidence in the record *1220 demonstrates that the employer had control over important aspects of the services performed, even if the workers retain control over their work product and the means of crafting it” (Matter of Viig [Hello World Language Ctr., Inc.—Commissioner of Labor], 66 AD3d 1064, 1065 [2009] [internal quotation marks and citations omitted]; see Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d 734, 736 [1983]). Here, Career Center concedes that the instructors are integral to its operation. Furthermore, the evidence establishes that Career Center hires the instructors after ascertaining that they have the required state qualifications, pays them, and oversees the quality of the instructors based upon student evaluations. Career Center also recruits the students; collects tuition; sets the class schedules; provides the classrooms, books and some equipment; provides substitute instructors when necessary; and maintains responsibility for ensuring that the curriculum meets state standards. Together, these factors constitute substantial evidence that an employer-employee relationship exists, notwithstanding the existence of a consulting agreement identifying teachers as independent contractors (see Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d at 736-737; Matter of Piano School of N.Y. City [Commissioner of Labor], 71 AD3d 1358, 1359 [2010]; Matter of Viig [Hello World Language Ctr., Inc.—Commissioner of Labor], 66 AD3d at 1065).
Rose, J.E, Spain, McCarthy and Egan Jr., JJ., concur.
Ordered that the decision is affirmed, without costs.