■ In the Matter of the Claim of PAUL A. JAEGER, Respondent. VENDOR CONTROL SERVICE, INC., Appellant; COMMISSIONER OF LABOR, Respondent. [965 NYS2d 670]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 2, 2011, which ruled that Vendor Control Service, Inc. is liable for unemployment insurance contributions on remuneration paid to claimant and others similarly situated.

Vendor Control Service, Inc. contracts with companies to provide quality control inspections of equipment they are purchasing, and recruits individuals who are qualified to perform the inspections. Claimant entered into a written agreement with Vendor Control to perform inspections for one of its clients. Vendor Control directed claimant to stop performing the inspections after complaints were made about his performance, and he sought unemployment insurance benefits. The Unemployment Insurance Appeal Board ultimately ruled that Vendor Control was claimant's employer and that it was liable for additional unemployment insurance contributions on remuneration paid to him and others similarly situated. Vendor Control now appeals.

We affirm. Whether an employment relationship exists is a factual determination for the Board that will be upheld if supported by substantial evidence (see Matter of Cobrin [Telecom Consulting Group NE Corp.—Commissioner of Labor], 91 AD3d 992, 993 [2012]; Matter of Wells [Madison Consulting, Inc.— Commissioner of Labor], 77 AD3d 993, 994-995 [2010]). Because professionals were required to conduct the inspections here, "the relevant inquiry is whether the purported employer retains overall control of important aspects of the services performed" (Matter of Wells [Madison Consulting, Inc.—Commissioner of Labor], 77 AD3d at 995 [internal quotation marks and citation omitted]; see Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d 734, 736 [1983]).

In that regard, Vendor Control recruited claimant after determining that he had the necessary qualifications to perform inspections required by a specific client. Claimant, in turn, executed a nondisclosure agreement and agreed to work at an hourly rate with reimbursement for his travel expenses. He was required to submit time sheets to Vendor Control, which would pay him directly and then bill the client for the work. Vendor

Control also reviewed the inspection reports prepared by claimant, responded to the client's complaints regarding his work and, indeed, ultimately removed him from the assignment at the client's behest. Inasmuch as substantial evidence thus supported the Board's determination that an employer-employee relationship existed, we decline to disturb it (*see Matter of Cobrin [Telecom Consulting Group NE Corp.—Commissioner of Labor]*, 91 AD3d at 993; *Matter of Wells [Madison Consulting, Inc.—Commissioner of Labor]*, 77 AD3d at 995-996).

Peters, P.J., Lahtinen, Stein and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.