■ In the Matter of CATHERINE NANCE, Respondent. NYP HOLDINGS INC., Doing Business as NEW YORK POST, Appellant; COMMISSIONER OF LABOR, Respondent. [986 NYS2d 280]—

Egan Jr., J. Appeals from two decisions of the Unemployment Insurance Appeal Board, filed August 31, 2012, which ruled that NYP Holdings Inc. was liable for unemployment insurance contributions based upon remuneration paid to claimant and others similarly situated.

From 2005 until December 2, 2010, claimant, a professional photographer, provided photojournalistic services for the New York Post, a newspaper published by NYP Holdings Inc.[1] Claimant thereafter was given an office job in the New York Post's photography department until February 9, 2011.[2] Upon claimant's subsequent application for unemployment insurance

---

1. NYP Holdings Inc. also has appealed from separate decisions issued by the Unemployment Insurance Appeal Board concerning a different photographer (*Matter of Price [NYP Holdings Inc.—Commissioner of Labor]*, 117 AD3d 1289 [2014] [decided herewith]).

2. Claimant's status between December 2010 and February 2011 is not at issue on appeal, as NYP concedes that she was an employee during that time period.

benefits, the Department of Labor found that claimant was an employee of NYP and, as such, NYP was liable for contributions based upon remuneration paid to claimant and others similarly situated. Following hearings, an Administrative Law Judge overruled that determination, finding that claimant was an independent contractor. Insofar as is relevant here, the Unemployment Insurance Appeal Board ruled that claimant was an employee and, further, that NYP was liable for contributions based upon remuneration paid to claimant and others similarly situated. These appeals by NYP ensued.

The existence of an employer-employee relationship presents a factual question for the Board to resolve (*see Matter of JoonBug Prods., Inc. [Commissioner of Labor]*, 35 AD3d 997, 998 [2006]). Where, as here, "professionals are involved, the relevant inquiry is whether the purported employer retains overall control of important aspects of the services performed" (*Matter of Wells [Madison Consulting, Inc.—Commissioner of Labor]*, 77 AD3d 993, 995 [2010] [internal quotation marks and citation omitted]; *see Matter of Brothman v DiNapoli*, 114 AD3d 1072, 1073 [2014]; *Matter of Columbia Artists Mgt. LLC [Commissioner of Labor]*, 109 AD3d 1055, 1056-1057 [2013]). Accordingly, "[a] determination identifying professional workers as employees will be upheld if substantial evidence in the record demonstrates that the employer had control over important aspects of the services performed, even if the worker[ ] retain[ed] control over the[ ] work product and the means of crafting it" (*Matter of Professional Career Ctr., Inc. [Commissioner of Labor]*, 105 AD3d 1219, 1219-1220 [2013]).

Following an initial interview and completion of a trial photography session, which was designed "to see if she was good enough to receive assignments" from NYP, claimant consistently received assignments from NYP by telephone or email and worked a "pretty set schedule" of four days each week. According to an NYP representative, these assignments were distributed based upon NYP's "view of [claimant's] suitability for a particular story or picture situation," and NYP set claimant's daily rate of pay. Claimant testified that she was given specific instructions for her assignments "most of the time," which on occasion included "really specific directions about what kind of picture [NYP] wanted." Additionally, claimant was required to call in at the beginning and end of her assignments and "couldn't just go home" if she finished an assignment early. Although claimant admittedly provided her own equipment, NYP specified—in a March 2006 memorandum— the type of camera lens that claimant was required to use, as

well as the quantity and selection of photographs that she was to submit. Similarly, while claimant retained the copyright to her photographs, she was precluded from granting rights to those pictures to any newspaper located within a 75-mile radius of New York City without NYP's prior express approval. Finally, NYP reimbursed claimant for certain of her expenses.

Such proof, in our view, supports the Board's finding of an employer-employee relationship as to claimant and others similarly situated (*see Matter of Wells [Madison Consulting, Inc.—Commissioner of Labor]*, 77 AD3d at 995-996; *Matter of Cristiano [Commissioner of Labor]*, 62 AD3d 1219, 1219-1220 [2009], *appeal dismissed and lv denied* 13 NY3d 789 [2009]; *Matter of JoonBug Prods., Inc. [Commissioner of Labor]*, 35 AD3d at 998; *compare Matter of Rosen [Vidicom, Inc.—Commissioner of Labor]*, 73 AD3d 1352, 1353-1354 [2010], *lv denied* 15 NY3d 706 [2010]), notwithstanding other evidence in the record that could support a contrary conclusion. Accordingly, the Board's decisions are affirmed.

Lahtinen, J.P., McCarthy and Garry, JJ., concur. Ordered that the decisions are affirmed, without costs.