Egan Jr., J.
Appeals from two decisions of the Unemployment Insurance Appeal Board, filed November 21, 2012, which, among *1290 other things, ruled that NYP Holdings Inc. was liable for unemployment insurance contributions based upon remuneration paid to claimant and others similarly situated.
From 2005 to May 2010, claimant, a professional photographer, provided photojournalistic services for the New York Post, a newspaper published by NYP Holdings Inc.* After claimant ceased providing such services for NYfi he applied for and initially was granted unemployment insurance benefits based upon a finding that he was NYP’s employee; NYfi in turn, was found to be liable for contributions based upon remuneration paid to claimant and others similarly situated. Following hearings, an Administrative Law Judge overruled that determination, finding that claimant was not NYP’s employee for purposes of unemployment insurance benefits. The Unemployment Insurance Appeal Board reversed, finding that NYP was claimant’s employer and holding NYP liable for contributions based upon remuneration paid to claimant and others similarly situated. These appeals by NYP ensued.
The existence of an employer-employee relationship is a factual question for the Board to resolve (see Matter of Columbia Artists Mgt. LLC [Commissioner of Labor], 109 AD3d 1055, 1056-1057 [2013]). Where, as here, “professionals are involved, the relevant inquiry is whether the purported employer retains overall control of important aspects of the services performed” (Matter of Wells [Madison Consulting, Inc.—Commissioner of Labor], 77 AD3d 993, 995 [2010] [internal quotation marks and citation omitted]; see Matter of Brothman v DiNapoli, 114 AD3d 1072, 1073 [2014]; Matter of Columbia Artists Mgt. LLC [Commissioner of Labor], 109 AD3d at 1056-1057).
The record reflects that claimant performed essentially the same services for NYP as did the claimant in Matter of Nance (NYP Holdings Inc.—Commissioner of Labor) (117 AD3d 1294 [2014] [decided herewith]). As a result, many of the same indicia of an employer-employee relationship that existed in Nance are present here as well—including the need for a trial photography session, the existence of a reasonably regular work schedule, the requirement that claimant adhere to the production standards set forth in a March 2006 memorandum issued by NYP and the restrictions imposed upon claimant’s ability to grant rights to the pictures he took for NYP Additionally, NYP’s representative acknowledged that claimant most likely would not *1291 have received future assignments from NYP had claimant elected to work for one of NYP’s competitors. Under these circumstances, there is substantial evidence to support the Board’s finding of an employer-employee relationship as to claimant and others similarly situated (see Matter of Wells [Madison Consulting, Inc. — Commissioner of Labor], 77 AD3d at 995-996; Matter of Cristiano [Commissioner of Labor], 62 AD3d 1219, 1219-1220 [2009], appeal dismissed and lv denied 13 NY3d 789 [2009]; Matter of JoonBug Prods., Inc. [Commissioner of Labor], 35 AD3d 997, 998 [2006]), notwithstanding other evidence in the record that could support a contrary conclusion.
Lahtinen, J.E, McCarthy and Garry, JJ., concur.
Ordered that the decisions are affirmed, without costs.

 NYP Holdings Inc. also has appealed from separate decisions issued by the Unemployment Insurance Appeal Board concerning a different photographer (Matter of Nance [NYP Holdings Inc.—Commissioner of Labor], 117 AD3d 1294 [2014] [decided herewith]).