In the Matter of the Claim of XIOMARA V. STEWART, Respondent. AML PARTNERS, LLC, Appellant; COMMISSIONER OF LABOR, Respondent. [987 NYS2d 706]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 2, 2012, which, among other things, ruled that AML Partners, LLC was liable for additional unemployment insurance contributions based on remuneration paid to claimant and others similarly situated.

AML Partners, LLC is a consulting firm that investigates suspicious monetary transactions and money laundering activities at financial institutions. In May 2010, claimant was retained by AML to work as a research analyst on a project for a client for a four-week period. When this assignment ended and she no longer worked for AML, she applied for unemployment insurance benefits. The Department of Labor issued initial determinations finding that claimant was eligible to receive benefits as an employee of AML and that AML was liable for additional contributions based on remuneration paid to claimant and those similarly situated. These determinations were sustained by an Administrative Law Judge following a hearing. The Unemploy-

ment Insurance Appeal Board subsequently affirmed and AML now appeals.

AML argues that claimant and those similarly situated research analysts were not its employees, but rather independent contractors. Initially, we note that the existence of an employment relationship is a factual issue for the Board to decide and its determination will not be disturbed if supported by substantial evidence (*see Matter of Concourse Ophthalmology Assoc. [Roberts]*, 60 NY2d 734, 736 [1983]; *Matter of Saalfield [Eber Bros. Wine & Liq. Co.—Commissioner of Labor]*, 37 AD3d 928, 929 [2007]). In making this determination, particularly where the work of professionals is involved, the relevant inquiry is whether the employer exercised "control over important aspects of the services performed" (*Matter of Concourse Ophthalmology Assoc. [Roberts]*, 60 NY2d at 736; *see Matter of Professional Career Ctr., Inc. [Commissioner of Labor]*, 105 AD3d 1219, 1220 [2013]; *Matter of Wells [Madison Consulting, Inc.—Commissioner of Labor]*, 77 AD3d 993, 995 [2010]). Here, undisputed evidence was presented that AML set claimant's rate of pay, established her work hours, provided training, conferred with her on a regular basis, reviewed her work product and submitted her final report to the client. Significantly, although claimant physically worked at the client's location, an AML representative was present on a daily basis to discuss the project with claimant. Under the circumstances presented, notwithstanding the existence of the independent contractor agreement, substantial evidence supports the Board's finding that claimant and those similarly situated research analysts were AML's employees (*see Matter of Wells [Madison Consulting, Inc.—Commissioner of Labor]*, 77 AD3d at 995-996; *Matter of Viig [Hello World Language Ctr., Inc.—Commissioner of Labor]*, 66 AD3d 1064, 1065 [2009]). Accordingly, we find no reason to disturb the Board's decision.

Lahtinen, J.P., McCarthy, Rose, Lynch and Clark, JJ., concur. Ordered that the decision is affirmed, without costs.