*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 3, 2015                519637
_____

In the Matter of the Claim of
    MEGAN L. MORRIS,
                    Respondent.

SOURCE INTERLINK MEDIA, LLC,               MEMORANDUM AND ORDER
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  August 20, 2015

Before:  Lahtinen, J.P., McCarthy, Garry and Egan Jr., JJ.

                    _____


        Fox Rothschild LLP, Lawrenceville, New Jersey (Wayne E.
Pinkstone, admitted pro hac vice), for appellant.

        Michelle I. Rosien, Philmont, for Megan L. Morris,
respondent.


                    _____


McCarthy, J.

        Appeals from two decisions of the Unemployment Insurance
Appeal Board, filed December 31, 2013, which ruled that Source
Interlink Media, LLC is liable for unemployment insurance
contributions on remuneration paid to claimant and others
similarly situated.

        Claimant was employed as marketing director for Power &
Motoryacht until her employment ended in November 2007.  Shortly
thereafter, she entered into a consulting agreement with Source
Interlink Media, LLC (hereinafter SIM), doing business as Power &
Motoryacht.  When that employment ended, claimant applied for

unemployment insurance benefits.  The Department of Labor found that an employer-employee relationship existed between claimant and SIM, and that SIM was therefore liable for unemployment insurance contributions on remuneration paid to claimant and others similarly situated.  SIM objected, arguing that claimant was not an employee but an independent contractor or, alternatively, that Power & Motoryacht was claimant's employer.  Following a hearing, an Administrative Law Judge upheld the Department's determination.  The Unemployment Insurance Appeal Board affirmed and SIM now appeals.

We affirm.  "Whether an employer-employee relationship exists is a factual determination for the Board, and its decision will be upheld if supported by substantial evidence" (Matter of John Lack Assoc., LLC [Commissioner of Labor], 112 AD3d 1042, 1043 [2013] [citations omitted]; see Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d 734, 736 [1983]).  "While no single factor is determinative, control over the results produced or the means used to achieve those results are pertinent considerations, with the latter being more important" (Matter of Hunter [Gannett Co., Inc.–Commissioner of Labor], 125 AD3d 1166, 1167 [2015] [internal quotation marks and citations omitted]; see Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010]).

Here, the consulting agreement indicates that SIM retained the services of claimant and set her hourly rate of pay.  Further, claimant's wages were reported on an IRS 1099 tax form with SIM identified as the wage payer.  Although claimant generally worked from home, she was required to work at Power & Motoryacht's office every Friday from 9:00 a.m. to 5:00 p.m.  On Fridays, she was provided a work space, computer, telephone and office supplies.  If claimant was going to be late or absent, she was expected to inform an executive assistant at the office.  She planned annual meetings, parties and boat shows and was reimbursed for her travel expenses.  Her other duties included writing press releases, but she could not distribute the releases until her supervisor had reviewed and edited them.  If claimant missed a deadline to complete an assignment, her supervisor could terminate the consulting agreement.  Considering the foregoing, substantial evidence supports the Board's decisions that an

employer-employee relationship existed here and that SIM is the employer liable for unemployment insurance contributions on remuneration paid to claimant and others similarly situated, despite evidence in the record that could support a contrary result (see Matter of Guidotti [Swissport USA, Inc.—Commissioner of Labor], 119 AD3d 1265, 1266 [2014]; Matter of Joyce [Coface N. Am. Ins. Co.—Commissioner of Labor], 116 AD3d 1132, 1134-1135 [2014]).

   Lahtinen, J.P., Garry and Egan Jr., JJ., concur.


   ORDERED that the decisions are affirmed, without costs.


             ENTER:

             Robert D. Mayberger
             Clerk of the Court