*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: November 19, 2015                    520056
_____

In the Matter of the Claim of
    OLUFEMI I. REDWOODTURRAL,
                        Respondent.

EVEREST PRODUCTION                        MEMORANDUM AND ORDER
    CORPORATION,
                    Appellant.

COMMISSIONER OF LABOR,
                        Respondent.
_____


Calendar Date:  October 14, 2015

Before:  Lahtinen, J.P., McCarthy, Lynch and Devine, JJ.

                    _____


        Eric B. Kaviar, New York City, for appellant.

        Francis J. Smith, Albany, for Olufemi I. Redwoodturral,
respondent.

                    _____


Devine, J.

        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed May 28, 2014, which ruled that Everest Production
Corporation was liable for additional unemployment insurance
contributions on remuneration paid to claimant and others
similarly situated.

        Everest Production Corporation produces shows and news
reports for television, and claimant worked as a reporter for
Everest from March 2012 through September 2013.  The Department
of Labor granted her subsequent application for unemployment
insurance benefits, determining that she was an employee of

Everest and that Everest was liable for additional contributions on remuneration paid to claimant.  Following a hearing, an Administrative Law Judge overruled the Department of Labor's determination.  The Unemployment Insurance Appeal Board reversed the decision of the Administrative Law Judge and found that claimant and similarly situated reporters were employees and, therefore, that Everest is liable for unemployment insurance benefits paid to those individuals.  Everest now appeals.

We affirm.  "Whether an employer-employee relationship exists is a factual determination for the Board, and its decision will be upheld if supported by substantial evidence" (Matter of Hunter [Gannett Co., Inc.—Commissioner of Labor], 125 AD3d 1166, 1167 [2015] [internal quotation marks and citations omitted]; see Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d 734, 736 [1983]).  While no single factor is determinative, "[t]he pertinent inquiry is whether the purported employer retained control over the results produced or the means used to produce those results, with control over the latter being more important" (Matter of Watson [Partsfleet Inc.—Commissioner of Labor], 127 AD3d 1461, 1462 [2015]; see Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010]).

Here, substantial evidence in the record supports the Board's decision.  The record establishes that claimant routinely worked Tuesday through Thursday each week.  On these days, Everest would inform claimant in the morning of what her reporting assignment was for that day and whether any story idea she suggested had been approved by Everest.  If she refused to perform any of the approved story ideas, she would not work or be paid on that day.  Claimant was then required to submit her finished report by a specific time (see Matter of JoonBug Prods., Inc. [Commissioner of Labor], 35 AD3d 997, 998 [2006]).  Everest provided claimant with support staff to assist in her work, including a videographer, and provided her with camera equipment, access to its electronic news database and graphics and background videos, and a computer for editing purposes (see Matter of Morris [Source Interlink Media, LLC—Commissioner of Labor], 131 AD3d 1287, 1288 [2015]).  Everett also reviewed and edited claimant's work product and could direct her to make

revisions or to add graphics to her video reports (see Matter of DeRose [Winston Retail Solutions, LLC—Commissioner of Labor], 119 AD3d 1174, 1175 [2014]; Matter of Troy Publ. Co. [Hudacs], 228 AD2d 877, 878-879 [1996], lv denied 89 NY2d 803 [1996]). Claimant was also free to use her own video camera operator, but Everest reimbursed claimant for that cost (see Matter of Ingle [Mechanical Secretary, Inc.—Commissioner of Labor], 129 AD3d 1424, 1425 [2015]) and retained ownership of claimant's stories and reports. Although there was also evidence in the record that could have supported a contrary conclusion, the foregoing amply furnished indicia of control over claimant's activities sufficient to support the Board's conclusion of an employer-employee relationship (see Matter of JoonBug Prods., Inc. [Commissioner of Labor], 35 AD3d at 998; Matter of Magill Assoc. [Commissioner of Labor], 296 AD2d 670, 671 [2002]; Matter of Troy Publ. Co. [Hudacs], 228 AD2d at 878-879).

Lahtinen, J.P., McCarthy and Lynch, JJ., concur.


ORDERED that the decision is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court