■ In the Matter of ERAY INC., Doing Business as MUSIC ACADEMY OF LONG ISLAND, Appellant. COMMISSIONER OF LABOR, Respondent. [24 NYS3d 798]—

Egan Jr., J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 21, 2014, which denied the application by Eray Inc. to reopen a prior decision.

Eray Inc. operates a business that matches students seeking music instruction with professional musicians that it deems qualified to provide lessons. In 2009, following an audit, the Department of Labor assessed Eray $7,962.08 for additional unemployment insurance contributions owed based on remuneration it paid to the music instructors from January 1, 2006 through December 31, 2008. Eray objected and, after a hearing, an Administrative Law Judge overruled the assessment on the basis that the instructors were independent contractors. The Unemployment Insurance Appeal Board reversed, concluding that the instructors were employees. The Board thereafter denied Eray's application to reopen and reconsider this decision. Eray now appeals from the decision denying its application.

Initially, we note that the arguments raised by Eray on appeal relate only to the propriety of the Board's determination

that the instructors were employees, an issue that is properly before this Court given Eray's timely application for reopening and reconsideration (*see Matter of Lewis [Absolute Distrib., Inc.—Commissioner of Labor]*, 121 AD3d 1488, 1488 [2014]). The existence of an employer-employee relationship is a factual determination made by the Board and will be upheld so long as it is supported by substantial evidence (*see Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor]*, 15 NY3d 433, 437 [2010]; *Matter of DeSantis [Commissioner of Labor]*, 54 AD3d 1103, 1104 [2008]). Determining whether an employer-employee relationship exists typically requires an evaluation as to whether the purported employer maintains control over the results produced or, more significantly, the means by which the employee achieves those results (*see Matter of Hertz Corp. [Commissioner of Labor]*, 2 NY3d 733, 735 [2004]; *Matter of Morris [Source Interlink Media, LLC—Commissioner of Labor]*, 131 AD3d 1287, 1287 [2015]). However, where the provision of professional services is involved, the relevant inquiry becomes "whether the purported employer retains overall control of important aspects of the services performed" (*Matter of Piano School of N.Y. City [Commissioner of Labor]*, 71 AD3d 1358, 1359 [2010]; *see Matter of Encore Music Lessons LLC [Commissioner of Labor]*, 128 AD3d 1313, 1315 [2015]). The "overall control" test "has been applied to musicians who 'do not easily lend themselves to direct supervision or control'" (*Matter of Encore Music Lessons LLC [Commissioner of Labor]*, 128 AD3d at 1315, quoting *Matter of DeSantis [Commissioner of Labor]*, 54 AD3d at 1104; *see Matter of North [Young People's Chorus of N.Y.—Commissioner of Labor]*, 133 AD3d 1071, 1072 [2015]; *Matter of Columbia Artists Mgt. LLC [Commissioner of Labor]*, 109 AD3d 1055, 1056-1057 [2013]).

During the period in question, Eray matched students with music instructors based upon its assessment of the students' needs and the instructors' qualifications, scheduled the lessons and followed up with both the instructors and the students to ensure that they were matched appropriately. While Eray did not dictate the curriculum or the method of instruction, it rented and provided the space in which the teachers almost exclusively conducted their lessons, equipped the space with chairs, music stands, a piano, a drum set and a collection of music books that could be used during those lessons, billed the students, paid the teachers an agreed-upon portion of the fee collected from each student and fielded student complaints. In addition, Eray required the teachers to submit any scheduling changes to it for its approval and notify it if they were going to

be late to a lesson or send a substitute in their stead and, when requested, Eray would arrange for substitute instructors. Furthermore, although Eray maintained that the agreements were not enforced, several of the instructors signed agreements that, among other things, prohibited them from contacting students directly or providing private lessons to their students in the two years following their resignation. Thus, notwithstanding the existence of evidence that could have supported a contrary finding, substantial evidences supports the Board's determination that an employer-employee relationship existed (*see Matter of Encore Music Lessons LLC [Commissioner of Labor]*, 128 AD3d at 1315; *Matter of Tekmitchov [Musika LLC]*, 110 AD3d 1301, 1301 [2013], *lv dismissed* 23 NY3d 941 [2014]).

McCarthy, J.P., Lynch and Devine, JJ., concur. Ordered that the decision is affirmed, without costs.