■ In the Matter of CAPTAIN KISHKA, INC., Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent. —Weiss, J.

Captain Kishka, Inc. (hereinafter Kishka), which is engaged in the business of supplying musical talent for single-performance events, has appealed the decision of the Unemployment Insurance Appeal Board finding its relationship with performers was that of employer-employee rather than contractor

with independent contractors. Kishka contends the finding is not supported by substantial evidence and is contrary to the weight of legal authority.

The existence of an employment relationship is a factual question and the Board's findings are conclusive if supported by substantial evidence, even if the record could support a contrary determination (*Matter of Studio Theatre School Corp.* *[Roberts]*, 99 AD2d 637). The issue here involves professional services which do not readily lend themselves to close supervision and control (*see, Matter of Concourse Ophthalmology Assocs. [Roberts]*, 60 NY2d 734; *Matter of Stat Servs. [Hartnett]*, 148 AD2d 903).

Kishka provides musical entertainment for events such as receptions and parties. The client contracts with Kishka for a form of musical entertainment. The contract contains a standard phrase stating that "our orchestra will provide music". After the contract is negotiated and executed setting forth the terms of the engagement, including financial arrangements, Kishka schedules one of its prescreened musical talents to perform the event. The scheduled subleader can accept or reject the proposed assignment for his group, whose members are free to accept work from other sources. Prior to performance on an accepted assignment, the subleader obtains from Kishka a copy of its contract with the client and any special instructions or requests, including types of music to be played and, occasionally, sheet music. Kishka selects and assigns to the group any additional performers necessary to meet its contractual arrangement.

While working on assignments, the group is identified as part of Hank Lane Music (which is associated with Kishka and its principal, Hank Lane), distributes Hank Lane Music's business cards and refers all leads for future engagements to Kishka. Hank Lane is considered the band leader. The subleader of the group collects any balance from the client due Kishka under the contract. All funds collected are delivered to Kishka's office on Mondays and Kishka pays the performers individually on Thursdays, but without any withholdings. Payments are based upon hours worked and the local union scale and may occasionally include mileage. Kishka provides workers' compensation insurance coverage. All client complaints are referred to Kishka.

In determining if an employer-employee relationship exists, many factors are considered, primarily the degree of control exercised by the alleged employer over the results produced or the means used to achieve the results (*Matter of Rivera [State*

*Line Delivery Serv.—Roberts],* 69 NY2d 679, 682, *cert denied* 481 US 1049). While other evidence in the record could support a different result, the foregoing evidence supports a finding of an employer-employee relationship *(see, Matter of Via Otto Ristorante [Hartnett],* 158 AD2d 825 [decided herewith]; *Matter of Affiliate Artists [Roberts],* 132 AD2d 805, *lv denied* 70 NY2d 611).

Decision affirmed, without costs. Mahoney, P. J., Kane, Weiss, Mercure and Harvey, JJ., concur.