■ In the Matter of VIA OTTO RISTORANTE, INC., Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent. —Harvey, J.

This appeal concerns the assessment of unemployment insurance contributions from Via Otto Ristorante, Inc., a restaurant that provides musical entertainment to its patrons. The initial determination of the Commissioner of Labor assessed the restaurant over $20,000 as additional contributions for the audit period from January 1, 1983 through December 31, 1985, based on remuneration paid to musicians who worked in the restaurant. The Administrative Law Judge overruled the initial determination and sustained the restaurant's objection that certain of its musicians and entertainers are independent contractors, not employees. The Commissioner appealed this

determination and the Unemployment Insurance Appeal Board ultimately reversed and sustained the initial determination of the Commissioner. This appeal by the restaurant followed.

We affirm. Determining whether an individual's status is that of an employee or independent contractor is a factual question for the Board which must be upheld if supported by substantial evidence (see, e.g., Matter of Rivera [State Line Delivery Serv.—Roberts], 69 NY2d 679, 682, cert denied 481 US 1049; Matter of Concourse Ophthalmology Assocs. [Roberts], 60 NY2d 734). Here, while the restaurant points to several factors which could arguably lead to the conclusion that the hired entertainers were independent contractors, the record supports the decision finding their status to be otherwise. For example, there is testimony in the record establishing that the restaurant auditioned and scheduled the musicians to suit its needs depending on their availability. The restaurant set the pay rates, provided a meal for the musicians and indicated to them the preferred type of music to be performed. The musicians were required to sign in and sign out and were expected to call if they were going to be absent or late. While a formal dress code was not established, the restaurant's management would criticize attire that was deemed to be inappropriate. Although there was also evidence in the record which could arguably have supported a contrary conclusion than that of the Board, the evidence presented provided sufficient indicia of control to support the Board's finding of an employer-employee relationship herein (see, Matter of Affiliate Artists [Roberts], 132 AD2d 805, lv denied 70 NY2d 611).

Decision affirmed, without costs. Mahoney, P. J., Kane, Weiss, Mercure and Harvey, JJ., concur.