■ In the Matter of CAMERYN ENTERTAINMENT COMPANY, INC., Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Weiss, J. P. Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 28, 1989, which assessed Cameryn Entertainment Company, Inc. for additional unemployment insurance contributions.

Cameryn Entertainment Company, Inc., which is engaged in the business of supplying entertainment talent for single-performance events, has appealed the decision of the Unemployment Insurance Appeal Board finding that its relationship with performers was that of employer-employee rather than an independent contractor relationship. Cameryn contends that the Board's conclusion is not supported by substantial evidence in the record. We disagree and accordingly affirm the Board's decision.

Cameryn provides entertainment for private parties and events. It negotiates and enters into contractual arrangements with the clients to supply entertainment, selecting acts from its inventory of prescreened talent to perform at the events. The selected performers may accept or reject assignments. Similarly, performers are free to accept work from any source. The performers are instructed as to the date, time and place of the performances and are generally told what type of entertainment to provide. The clients pay their contractual sum to Cameryn. Cameryn pays the performers based upon the going rate or a negotiated fee generally unrelated to the contract sums with the clients. Cameryn carries general liability insurance for itself in the event that an accident or injury occurs during a performance.

The existence of an employer-employee relationship is an issue of fact. If supported by substantial evidence, the Board's determination is conclusive, even where the record could

support a different conclusion *(Matter of Villa Maria Inst. of Music [Ross],* 54 NY2d 691, 693; *Matter of Via Otto Ristorante [Hartnett],* 158 AD2d 825; *Matter of Studio Theatre School Corp. [Roberts],* 99 AD2d 637). Involved here are professional entertainers providing services not readily subject to close supervision and control *(see, Matter of Captain Kishka, [Hartnett],* 158 AD2d 814, 815, *lv denied* 76 NY2d 708). The foregoing evidence is sufficient to support the Board's finding that an employment relationship existed.

Yesawich Jr., Levine, Mercure and Harvey, JJ., concur. Ordered that the decision is affirmed, without costs.