■ In the Matter of the Claim of IRVING G. GOLDBERG, Respondent. CORONET STUDIO OF SCARSDALE, INC., Appellant; JOHN F. HUDACS, as Commissioner of Labor, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 7, 1991, which, *inter alia,* assessed Coronet Studio of Scarsdale, Inc. for additional unemployment insurance contributions.

Coronet Studio of Scarsdale, Inc. (hereinafter Coronet) entered into agreements with its clients to provide their wedding photos. It then contacted one of the photographers on its roster who were free to accept or reject the proffered assignment. The photographers were also free to accept work from other sources. The photographers supplied their own equipment but Coronet supplied the film. The film was also developed by Coronet and the prints belonged to it and not the photographers. Complaints by clients were made to Coronet. Clients paid Coronet which in turn paid the photographers. The photographers were paid regardless of whether Coronet received its fee. If, after accepting an assignment, a photographer could not complete it, Coronet chose a substitute. On the record before us, there is substantial evidence to support the conclusion by the Unemployment Insurance Appeal Board

that the photographers engaged by Coronet were its employees *(see, Matter of Captain Kishka [Hartnett],* 158 AD2d 814, *lv denied* 76 NY2d 708; *Matter of Chopik [Newman—Hartnett],* 145 AD2d 747). This is true even though other evidence in the record could arguably support a contrary result *(see, Matter of Via Otto Ristorante [Hartnett],* 158 AD2d 825). Furthermore, although the photographers were free to take pictures with little or no control by Coronet, the issue here involves professional services which do not lend themselves to close supervision or control *(see, Matter of Cameryn Entertainment Co. [Hartnett],* 174 AD2d 859).

Yesawich Jr., J. P., Levine, Crew III, Casey and Harvey, JJ., concur. Ordered that the decision is affirmed, without costs.