■ In the Matter of PHILIP R. SIMS, Doing Business as PHIL SIMS & BUFFALO BRASS, Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent. [602 NYS2d 225] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 9, 1991, which assessed Philip R. Sims for additional unemployment insurance contributions.

Philip R. Sims offers the musical services of his orchestra for such events as weddings and concerts. He negotiates the price and enters into a contract with each customer. The customer specifies the time, place and duration of the performance. The customer may also determine the selection of music, attire and break periods. Sims then hires the musicians for each event and informs them of the customer's instructions. Sims normally provides the white music stands with his

logo "PS". The musicians are union members and their rate of pay is based on their union scale. The pay increases if Sims is able to negotiate a higher price with the customer. The musicians are free to accept work from other sources. In almost all instances Sims directs the operation of the orchestra at each performance, unless he is unable to appear and he then appoints a substitute leader. Sims receives extra compensation for this as does the substitute leader.

The existence of an employer-employee relationship is a question of fact for the Unemployment Insurance Appeal Board *(see, Matter of Studio Theatre School Corp. [Roberts],* 99 AD2d 637). Here, there is substantial evidence to support the Board's conclusion that Sims exercised sufficient direction and control over the services of his musicians to establish their status as employees *(see, Matter of Cameryn Entertainment Co. [Hartnett],* 174 AD2d 859; *Matter of Captain Kishka [Hartnett],* 158 AD2d 814, *lv denied* 76 NY2d 708). In reaching this result, we note that involved herein were the services of professionals which are not subject to direct supervision and control *(see, Matter of Stat Servs. [Hartnett],* 148 AD2d 903).

As a final matter, although we disagree with the Board's reliance upon the provision of Labor Law § 511 (1) (b) (1-a) concerning the engagement of professional musicians "performing services as such for a television or radio station or network, a film production, a theatre, hotel, restaurant, night club or similar establishment", its erroneous legal conclusion as to the applicability of that provision was mere surplusage and had no effect upon its ultimate conclusion.

Weiss, P. J., Mercure, Cardona, Mahoney and Casey, JJ., concur. Ordered that the decision is affirmed, without costs.