■ In the Matter of FAZE 4 ORCHESTRAS, LTD., Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [666 NYS2d 857] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 1, 1996, which assessed Faze 4 Orchestras, Ltd. for additional unemployment insurance contributions based upon remuneration paid to musicians.

Faze 4 Orchestras, Ltd. was a booking agent which supplied musical entertainment for private functions. Toward that end, Faze 4 organized weekly showcases of bands for potential clients and arranged to hire the musicians chosen by the client for a particular performance. Faze 4 negotiated and contracted with the client, set the band's fee and instructed the band with respect to the date, time and place of the assignment. At each performance, a sign bearing the name of "Faze 4 Orchestras" was displayed before the band. Faze 4 paid the band or its individual members according to a negotiated fee out of the proceeds of the contractual sum received from the client. The Unemployment Insurance Appeal Board ruled that Faze 4 exercised sufficient direction and control over the musicians' work to establish their status as Faze 4's employees and sustained the initial determination assessing Faze 4 additional contributions for remuneration paid to the musicians.

The factual question of whether an employer-employee relationship exists is for the Board to resolve and its determination, if supported by substantial evidence, will not be disturbed, even where the record could support a contrary conclusion (see, Matter of Cameryn Entertainment Co. [Hartnett], 174 AD2d 859). Recognizing that professional musicians are not subject to direct supervision or control (see, Matter of Sims [Hudacs], 196 AD2d 912), we nonetheless find that the record here contains substantial evidence to support the Board's decision (see, id.; Matter of Cameryn Entertainment Co. [Hartnett], supra; Matter of Captain Kishka [Hartnett], 158 AD2d 814, lv denied 76 NY2d 708) and, accordingly, affirm.

Cardona, P. J., Mikoll, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the decision is affirmed, without costs.