■ In the Matter of the Claim of REBECCA L. FRANKS, Respondent. KIT McCLURE, Doing Business as KIT McCLURE BIG BAND, Appellant; COMMISSIONER OF LABOR, Respondent. [680 NYS2d 322] —Mercure, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 14, 1997, which assessed Kit McClure for additional unemployment insurance contributions based upon remunerations paid to claimant and others similarly situated.

Kit McClure was in the business of hiring musicians to play in the Kit McClure Big Band (hereinafter the Band), which would contract to perform at functions such as weddings, concerts and tours. Claimant played trumpet and was hired by McClure to play in the Band. After being informed that she would no longer be used in the Band, claimant filed for unemployment insurance benefits. McClure contended that claimant was an independent contractor rather than an employee. The Administrative Law Judge concluded that claimant was an employee and assessed McClure for additional benefits paid to claimant and those similarly situated. After an unsuccessful administrative appeal, McClure appeals.

The factual question of whether an employer-employee relationship exists is for the Unemployment Insurance Appeal Board to resolve (*see, Matter of Faze 4 Orchestras [Sweeney]*, 245 AD2d 929). The Board's findings are conclusive if sup-

ported by substantial evidence and will not be disturbed, even where the record could support a contrary conclusion (*see, id.*; *Matter of Captain Kishka [Hartnett]*, 158 AD2d 814, *lv denied* 76 NY2d 708).

After she auditioned for and was approved by McClure, McClure would hire claimant on a job-by-job basis. McClure would contract with clients to provide the Band's services and would then arrange with preapproved musicians to determine whether they were available for the job. McClure would negotiate the salary for each job and would pay the musicians by check according to what the Band got paid, with a basic rate of $175 per assignment. While working, the musicians were associated with the Band; the Band's name would be hung on the stage in front of the musicians. McClure would provide claimant with the date, time and place of the assignment, as well as the music to be performed as chosen by the client. Claimant was required to wear a black dress, makeup and heels, unless the client requested a different uniform. On at least one occasion, McClure provided claimant with a dress to wear on an assignment. McClure would organize and schedule rehearsals, which the musicians were paid for and required to attend. According to claimant, she was reimbursed for expenses. Claimant was required to call McClure's office on a weekly basis to check on engagements. Finally, claimant appeared in photographs and promotional literature for the Band.

In our view, while other evidence in the record could support a different result, the foregoing constitutes substantial evidence to support the Board's determination that McClure exercised sufficient direction and control over the services performed by the musicians to establish their status as employees rather than independent contractors (*see, Matter of Faze 4 Orchestras [Sweeney], supra*; *Matter of Sybco Intl. [Sweeney]*, 244 AD2d 614; *Matter of Sims [Hudacs]*, 196 AD2d 912; *Matter of New York Philomusica Chamber Ensemble [Hartnett]*, 165 AD2d 963, *appeal dismissed* 77 NY2d 938; *Matter of Captain Kishka [Hartnett]*, 158 AD2d 814, *supra*).

McClure's remaining arguments, including her contention regarding the applicability of Labor Law § 511 (1) (b) (1-a), have been reviewed and found to be lacking in merit (*see, Matter of Sims [Hudacs]*, 196 AD2d 912, 913, *supra*).

Cardona, P. J., White, Spain and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.