■ In the Matter of BREVIS MUSIC, INC., Appellant. COMMISSIONER OF LABOR, Respondent. [863 NYS2d 526]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 14, 2007, which assessed Brevis Music, Inc. for additional unemployment insurance contributions.

Brevis Music, Inc. (hereinafter BMI) is engaged in the business of booking entertainers for clients needing singers and/or musicians to perform at various events. The clients provide BMI with the details of the engagement, including the time and duration of the performance. After making certain recommendations, BMI contacts the singers and/or musicians from a list of individuals it has used in the past. BMI pays the entertainers by the performance and retains a payroll company to send them checks after their performance is complete. The Unemployment Insurance Appeal Board assessed BMI for additional unemployment insurance contributions in the amount of $35,563.40 based on renumeration paid to such entertainers upon finding that they were its employees. BMI appeals.

Initially, we note that the existence of an employment relationship is a question of fact for the Board to resolve and its determination will be upheld if supported by substantial evidence (*see Matter of Concourse Ophthalmology Assoc. [Roberts]*, 60 NY2d 734, 736 [1983]). Where professionals are involved, the pertinent inquiry is whether the purported employer exercises control over important aspects of the work performed other than the results or means (*see id.* at 736; *Matter of Singh [Thomas A. Sirianni, Inc.—Commissioner of Labor]*, 43 AD3d 498, 499 [2007]). In the case at hand, BMI dealt directly with the clients and selected entertainers suitable to meet the needs of particular engagements from its list of performers. BMI paid the entertainers for their work regardless of whether it received payment from clients. Although the entertainers provided their own instruments and transportation to the engagements, BMI would make arrangements to obtain equipment, such as large amplifiers, if needed. Notwithstanding the evidence in the record that would support a contrary conclusion, the foregoing indicates that BMI exercised sufficient control over important aspects of the entertainers' work to establish an employment relationship (*see Matter of Franks [McClure—Commissioner of Labor]*, 255 AD2d 844, 845 [1998]; *Matter of Faze 4 Orchestras [Sweeney]*, 245 AD2d 929 [1997]). Inasmuch as substantial evi-

dence supports the Board's decision, we find no reason to disturb it.

Cardona, P.J., Spain, Rose, Kane and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.