■ In the Matter of MARIA DeSANTIS, Doing Business as MARIO DeSANTIS BAND & ORCHESTRA, Appellant. COMMISSIONER OF LABOR, Respondent. [864 NYS2d 196]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 5, 2006, which assessed Maria DeSantis for additional unemployment insurance contributions.

Maria DeSantis has a band which she operates as a business. She contracts with clients to have the band perform at various events, such as weddings and graduations, and retains musicians to play in the band, which she selects from a pool of 40 to 70 individuals depending upon the type of engagement. The band can vary in size from 3 to 16 members. DeSantis meets with clients to ascertain the musical selection, attire to be worn by the musicians as well as the logistics, such as the duration of the performance and the length of breaks, and then communicates these details to the band members. In addition, DeSantis negotiates the fee for the band's services, including any overtime, and pays the members by check after each performance. As the result of an audit, the Unemployment Insurance Appeal Board assessed DeSantis for additional unemployment insurance contributions based upon remuneration paid to the band members whom it found were DeSantis's employees.

Although DeSantis maintains that the subject band members are independent contractors, the existence of an employment relationship is a factual issue for the Board to resolve and its determination in this regard will not be disturbed so long as it is supported by substantial evidence (*see Matter of Concourse Ophthalmology Assoc. [Roberts]*, 60 NY2d 734, 736 [1983]). Given that professional musicians do not easily lend themselves to direct supervision or control (*see e.g. Matter of Cameryn Entertainment Co. [Hartnett]*, 174 AD2d 859, 860 [1991]; *Matter of Captain Kishka [Hartnett]*, 158 AD2d 814, 815 [1990], *lv denied* 76 NY2d 708 [1990]), the relevant inquiry is whether the purported employer exercises control over important aspects of their work (*see Matter of Concourse Ophthalmology Assoc. [Roberts]*, 60 NY2d at 736; *Matter of Singh [Thomas A. Sirianni, Inc.—Commissioner of Labor]*, 43 AD3d 498, 499 [2007]). In the case at hand, DeSantis was closely involved in many aspects of the band members' work, including selecting which musicians were appropriate for different assignments, communicating client preferences with respect to musical selections, attire and break times, and negotiating the fee to be paid for the band's services. Significantly, DeSantis made it a point to be present at the band's engagements and acted as a music coordinator. In view of this and other proof, substantial evidence supports the Board's finding of an employment relationship, notwithstanding

the presence of evidence in the record that might suggest otherwise (see Matter of Franks [McClure—Commissioner of Labor], 255 AD2d 844, 845 [1998]; Matter of Faze 4 Orchestras [Sweeney], 245 AD2d 929 [1997]; see also Matter of Sims [Hudacs], 196 AD2d 912 [1993]). Accordingly, we decline to disturb the Board's decision.

Cardona, P.J., Peters, Carpinello, Lahtinen and Malone Jr., JJ., concur. Ordered that the decision is affirmed, without costs.