■ In the Matter of PIANO SCHOOL OF NEW YORK CITY, Appellant. COMMISSIONER OF LABOR, Respondent. [897 NYS2d 750]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 23, 2008, which assessed Piano School of New York City for additional unemployment insurance contributions.

The Piano School of New York City (hereinafter PSNYC) provides music programs for piano instruction to public schools in New York City as well as to some private clients. PSNYC retains professional musicians to set up the programs and, after reviewing their qualifications, interviewing them and ascertaining their willingness to perform a specific assignment, assigns them to work on particular projects. The Unemployment Insurance Appeal Board concluded that the musicians were employees of PSNYC and, consequently, assessed it additional unemployment insurance contributions based upon remuneration paid to such individuals. PSNYC appeals and we affirm.

The existence of an employer-employee relationship is a factual question for the Board to resolve and its determination

will be upheld if supported by substantial evidence (*see Matter of Concourse Ophthalmology Assoc. [Roberts]*, 60 NY2d 734, 736 [1983]; *Matter of DeSantis [Commissioner of Labor]*, 54 AD3d 1103, 1104 [2008]; *Matter of Franks [McClure—Commissioner of Labor]*, 255 AD2d 844, 845 [1998]). Where, as here, the services of professionals are involved, the pertinent inquiry in ascertaining the existence of an employment relationship is whether the purported employer retains overall control of important aspects of the services performed (*see Matter of Concourse Ophthalmology Assoc. [Roberts]*, 60 NY2d at 736; *Matter of DeSantis [Commissioner of Labor]*, 54 AD3d at 1104; *Matter of Brevis Music Inc. [Commissioner of Labor]*, 54 AD3d 1084, 1085 [2008], *lv denied* 11 NY3d 712 [2008]).

The evidence adduced at the hearing reveals that PSNYC retained such control. Notably, PSNYC established the rate of pay the musicians would receive for each teaching session, required them to commit to teach for a specified period of time ending with a concert, provided guidelines for them to follow in creating a lesson plan, instructed the musicians to dress in a conservative fashion, had the musicians sign an agreement governing various aspects of their assignment, held faculty meetings that the musicians were encouraged to attend and required the musicians to submit invoices detailing the hours worked in order to receive payment. Although the musicians were permitted to hold outside jobs and take vacation, they were responsible for arranging for a substitute to teach for them if they were unavailable. In view of the foregoing, substantial evidence supports the Board's finding that the musicians were PSNYC's employees, notwithstanding the existence of evidence in the record that would support a contrary conclusion (*see e.g. Matter of DeSantis [Commissioner of Labor]*, 54 AD3d at 1104-1105; *Matter of Brevis Music, Inc. [Commissioner of Labor]*, 54 AD3d at 1085).

Peters, J.P., Rose, Malone Jr., Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.