■ In the Matter of KING'S BRASS CEREMONIAL, Appellant. COMMISSIONER OF LABOR, Respondent. [904 NYS2d 543]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 2, 2009, which assessed King's Brass Ceremonial for additional unemployment insurance contributions.

King's Brass Ceremonial is an entertainment company that provides professional musicians, mainly trumpeters, to play ceremonial brass music at various events, including weddings,

parties and receptions. The president of the company is himself a trumpeter who plays at some of these events. King's Brass was assessed additional unemployment insurance contributions based upon remuneration paid to the trumpeters, among others. The Unemployment Insurance Appeal Board ruled that there was an employment relationship between King's Brass and the trumpeters, and it upheld the assessment of additional contributions with respect to such individuals. King's Brass appeals.

We affirm. The existence of an employment relationship is a factual issue for the Board to resolve and its decision will be upheld if supported by substantial evidence (*see Matter of Concourse Ophthalmology Assoc. [Roberts]*, 60 NY2d 734, 736 [1983]; *Matter of DeSantis [Commissioner of Labor]*, 54 AD3d 1103, 1104 [2008]; *Matter of Franks [McClure—Commissioner of Labor]*, 255 AD2d 844, 845 [1998]). Where the services of professional musicians are involved, the pertinent inquiry is whether the purported employer exercised control over important aspects of the work (*see Matter of Piano School of N.Y. City [Commissioner of Labor]*, 71 AD3d 1358, 1359 [2010]; *Matter of DeSantis [Commissioner of Labor]*, 54 AD3d at 1104; *Matter of Brevis Music Inc. [Commissioner of Labor]*, 54 AD3d 1084, 1085 [2008], *lv denied* 11 NY3d 712 [2008]).

Here, King's Brass arranged to have musicians, primarily trumpeters, appear for performances it contracted to provide to its clients for special events. It paid the musicians a mutually agreed upon fee for each performance, typically lasting two hours, which came from the proceeds of the larger amount it charged to the client. It required the musicians to wear certain clothing, usually tuxedos, and sometimes provided supplies and/or equipment, including requested music. Moreover, the president of King's Brass was occasionally present performing at the events and was responsible for handling any customer complaints about the musicians. Notwithstanding the evidence presented that would support a contrary conclusion, the foregoing constitutes substantial evidence of an employment relationship (*see Matter of Piano School of N.Y. City [Commissioner of Labor]*, 71 AD3d at 1359; *Matter of Brevis Music Inc. [Commissioner of Labor]*, 54 AD3d at 1085). Therefore, we find no reason to disturb the Board's decision.

Peters, J.P., Rose, Malone Jr., Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.