■ In the Matter of COLUMBIA ARTISTS MANAGEMENT LLC, Appellant. COMMISSIONER OF LABOR, Respondent. [972 NYS2d 343]—

Stein, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 14, 2012, which assessed Columbia Artists Management LLC for additional unemployment insurance contributions.

Columbia Artists Management LLC is a music management company that represents artists and musicians, and also arranges musical productions that go on tour to various music venues. Columbia was audited by the Department of Labor for the period January 2004 through December 2005 and assessed additional unemployment insurance contributions on remuneration paid to certain individuals that Columbia considers to be independent contractors. Following extended proceedings, the Unemployment Insurance Appeal Board upheld the assessment of contributions with respect to two categories of individuals, namely, musicians who perform on tour at the musical productions arranged by Columbia, and laborers (hereinafter referred to as loaders) who unload the trucks transporting the musical instruments and equipment to the musical venues where the touring musicians are to perform. Columbia appeals the Board's decision and maintains that it is not liable for additional unemployment insurance contributions because the musicians and loaders are independent contractors.

By way of background, it is appropriate to examine the manner in which the on tour musical productions at issue were arranged and operated. Initially, Columbia collaborated with an independent musical director in deciding whether to launch an on tour musical production. The musical director developed a theme or concept for the musical production and identified the desired artists, while Columbia determined if there was a market for the production, identified potential music venues and devised a budget. Once it was decided that the production should go forward, the musical director contacted the musicians and negotiated a rate of pay that was satisfactory to Columbia based upon the projected budget. Columbia paid the musicians weekly in accordance with written agreements it entered into with them for each touring engagement. Columbia was responsible for selling the on tour production to the music venues, circulating promotional materials and otherwise promoting the tour.

After entering into booking arrangements with the various music venues, Columbia retained an independent trucking company to transport the instruments and equipment to be used in the production. Due to the fact that the music venues at issue were unionized, a union representative made arrangements to have loaders unload the instruments and equipment from the truck to the sidewalk, at which point the unionized laborers employed by the venue moved it inside. The union dealt directly with the loaders and informed Columbia how many would be needed, as well as their rate of pay. A representative from Columbia stood by while the truck was unloaded and gave the loaders their checks when the truck was empty.

With the foregoing in mind, we now consider the nature of the relationship between Columbia and the musicians and loaders. Preliminarily, we note that the existence of an employer-employee relationship is a factual issue for the Board to decide and its determination will be upheld if supported by substantial evidence (*see Matter of Concourse Ophthalmology Assoc. [Roberts]*, 60 NY2d 734, 736 [1983]; *Matter of King's Brass Ceremonial [Commissioner of Labor]*, 75 AD3d 712, 713 [2010]). Generally, such a relationship will be found to exist where the employer exercises control over the results produced or the means used to achieve those results, with the latter being more important (*see Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor]*, 15 NY3d 433, 437 [2010]; *Matter of Rodriguez [2020 Video Voice Data, Ltd.—Commissioner of Labor]*, 58 AD3d 929, 929-930 [2009]). However, "where the details of the work performed are difficult to control because of considerations such as professional and ethical responsibilities,"

the courts have applied the "overall control" test, which requires that the employer exercise control over important aspects of the services performed other than the results or means (*Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor]*, 15 NY3d at 437-438; *see Matter of Concourse Ophthalmology Assoc. [Roberts]*, 60 NY2d at 736). Notably, this test has been applied to professional musicians who "do not easily lend themselves to direct supervision or control" (*Matter of DeSantis [Commissioner of Labor]*, 54 AD3d 1103, 1104 [2008]; *see Matter of Brevis Music Inc. [Commissioner of Labor]*, 54 AD3d 1084, 1085 [2008], *lv denied* 11 NY3d 712 [2008]).

Turning first to the musicians, some aspects of their work support the conclusion that they are not employees, including that they were managed directly by the musical director, who is independent of Columbia, supplied their own clothing and instruments, were free to work for competitors, were responsible for finding their own replacements if unable to perform, were not provided with any fringe benefits and were designated as independent contractors in their written contracts with Columbia. On the other hand, there are a number of factors that establish that Columbia retained control over important aspects of the musicians' work. Specifically, Columbia paid the musicians a flat fee per week for the duration of the tour as well as the costs of transportation, lodging and miscellaneous expenses, supplied them with sheet music on occasion and prohibited them from taking on engagements that conflicted with the tour. Most significantly, under the written contracts, Columbia retained the right to ensure the artistic quality of the show by insisting that a performance be changed if it found it to be inappropriate. In addition to retaining broad overall control over the musicians' performances, Columbia retained the right to dismiss any musician for drug or alcohol abuse. In view of this, we conclude that substantial evidence supports the Board's finding of an employer-employee relationship between Columbia and the musicians, notwithstanding the evidence supporting a contrary result (*see Matter of DeSantis [Commissioner of Labor]*, 54 AD3d at 1104-1105; *Matter of Brevis Music Inc. [Commissioner of Labor]*, 54 AD3d at 1085-1086).

We reach a different conclusion, however, with respect to the loaders. There is nothing in the record to indicate that Columbia exerted any type of control over either the means or the results of the work of these individuals. All communications involved in retaining the loaders occurred through the union representative at the venue, who dictated the terms of payment

as well as the number of loaders needed. The Columbia representative present at the time the trucks were unloaded was there solely for the purpose of paying the loaders and provided no equipment or instruction to assist them in performing their work. Accordingly, that part of the Board's decision finding the existence of an employer-employee relationship between Columbia and the loaders is not supported by substantial evidence (*see Matter of Holleran [Jez Enters., Inc.—Commissioner of Labor]*, 98 AD3d 757, 758-759 [2012]; *Matter of Rodriguez [2020 Video Voice Data, Ltd.—Commissioner of Labor]*, 58 AD3d at 930), and its decision must, therefore, be modified accordingly.

Rose, J.P., McCarthy and Garry, JJ., concur. Ordered that the decision is modified, without costs, by reversing so much thereof as assessed Columbia Artists Management LLC for additional unemployment insurance contributions based upon remuneration paid to loaders; matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.