*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 5, 2016                    520927
_____

In the Matter of the Claim of
     LINDA M. GREENE,
                         Respondent.

SYRACUSE SOCIETY FOR NEW                MEMORANDUM AND ORDER
     MUSIC, INC.,
                         Appellant.

COMMISSIONER OF LABOR,
                         Respondent.
_____


Calendar Date:   January 7, 2016

Before:  Peters, P.J., Garry, Rose and Lynch, JJ.

                         _____


        Lindenfeld Law Firm, PC, Cazenovia (Harris Lindenfeld of
counsel), for appellant.

        Salvatore C. Adamo, Albany, for Linda M. Greene,
respondent.

        Eric T. Schneiderman, Attorney General, New York City (Mary
Hughes of counsel), for Commissioner of Labor, respondent.

                         _____


Garry, J.

        Appeals from two decisions of the Unemployment Insurance
Appeal Board, filed July 2, 2014, which ruled, among other
things, that Syracuse Society for New Music, Inc. is liable for
additional unemployment insurance contributions on remuneration
paid to claimant and others similarly situated.

From 1980 to 2011, claimant performed as a professional flautist at various new classical music concerts produced by the Syracuse Society for New Music, Inc. (hereinafter SNM).  In January 2012, claimant filed an application for unemployment insurance benefits, and the Department of Labor determined that claimant was an employee — and not an independent contractor — entitled to benefits and that SNM was liable for additional contributions on remuneration paid to claimant and others similarly employed.  Following a hearing, an Administrative Law Judge sustained those determinations and, upon administrative appeal, the Unemployment Insurance Appeal Board affirmed.  SNM appeals.

"Whether an employer-employee relationship exists is a factual determination for the Board, and its decision will be upheld if supported by substantial evidence" (Matter of John Lack Assoc., LLC [Commissioner of Labor], 112 AD3d 1042, 1043 [2013] [citations omitted]).  Generally, such a relationship will be found to exist where the purported employer exercises control over the results produced or, more importantly, the means used to achieve those results (see Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010]).  However, "[g]iven that professional musicians do not easily lend themselves to direct supervision or control, the relevant inquiry is whether the purported employer exercises [overall] control over important aspects of their work" (Matter of DeSantis [Commissioner of Labor], 54 AD3d 1103, 1104 [2008] [internal citations omitted]; see Matter of Columbia Artists Mgt. LLC [Commissioner of Labor], 109 AD3d 1055, 1056-1057 [2013]).

Here, claimant was retained only occasionally and sporadically by SNM to perform classical music with an orchestra at various venues.[1]  She was paid at a set rate of $300 for each concert.  Claimant was not required to sign a written contract, was permitted to accept or reject any assignments offered,

---

[1] Claimant performed at one concert annually in calendar years 2004 and 2005, twice in 2006, once annually in 2007, 2008 and 2009, on four occasions in 2011, and not at all in 2012 or 2013.

maintained other employment while performing for SNM and suffered
no restrictions of any sort whatsoever upon her ability to
perform for other organizations (compare Matter of Encore Music
Lessons LLC [Commissioner of Labor], 128 AD3d 1313, 1315 [2015];
Matter of Columbia Artists Mgt. LLC [Commissioner of Labor], 109
AD3d at 1057).  She had never missed a performance, but testified
that if she had hypothetically needed to be absent, it would be
her ethical responsibility to attempt to obtain her own
replacement.  The treasurer of SNM testified that, assuming
circumstances prevented claimant from attending a performance,
"it would be a collaboration" to obtain a substitute, although
SNM would not generally ask a musician to provide his or her own
substitute.

SNM did not provide claimant with equipment; the testimony
revealed that, although "somebody on the board" may occasionally
have brought a box of music stand lights, SNM owned no assets,
the musicians provided their own instruments and music stands,
and SNM merely acted as a "facilitator" in locating equipment
already present at the venue (compare Matter of Sims [Hudacs],
196 AD2d 912, 912-913 [1993]).  Claimant was not required to wear
a uniform or dress in any particular manner (compare Matter of
North [Young People's Chorus of N.Y.—Commissioner of Labor], 133
AD3d 1071, 1072 [2015], lv dismissed 27 NY3d 957 [2016]; Matter
of DeSantis [Commissioner of Labor], 54 AD3d at 1104; Matter of
Franks [McClure—Commissioner of Labor], 255 AD2d 844, 845 [1998];
Matter of Sims [Hudacs], 196 AD2d at 912).  Although volunteers
associated with SNM would set up the stage and seating, the
musicians themselves ultimately made the decision on how to
position themselves for a performance.  Although the greater
portion of the necessary practice for the performances was
performed wholly at claimant's discretion, there were necessarily
scheduled rehearsals and defined performance dates.[2]

Viewed in context, we do not find that the requirements
that claimant rehearse and perform specific pieces of music on

[2]  It also bears noting that, although claimant now asserts
a different position, she testified at the close of the hearing
that she had "never considered [SNM] to be an employer."

set dates at set venues demonstrates meaningful control.  These requirements were instead inescapably inherent in the underlying function, as a concert performance necessarily demands a high level of coordination.  It is well settled that a requirement that work be properly performed does not constitute an exercise of control (see Matter of Hertz Corp. [Commissioner of Labor], 2 NY3d 733, 735 [2004]; Matter of Chan [Confero Consulting Assoc., Inc.—Commissioner of Labor], 128 AD3d 1124, 1126 [2015]; Matter of Werner [CBA Indus.—Hudacs], 210 AD2d 526, 528 [1994], lv denied 86 NY2d 702 [1995]).  In simple terms, an individual hired to paint a building red cannot be deemed an employee merely because they are required to use red paint.  Here, any alleged control exercised over claimant was necessary to ensure that the work for which she had been retained was carried out properly.  Accordingly, as the record lacks substantial evidence demonstrating that SNM exercised overall control over important aspects of claimant's work, the decisions must be reversed.[3]

Peters, P.J., and Lynch, J., concur.


Rose, J. (dissenting).

I respectfully dissent.  Contrary to the majority's view, claimant's employment relationship with the Syracuse Society for New Music, Inc. (hereinafter SNM) cannot be analogized to someone who is hired to paint a building red.  The analysis in each scenario is fundamentally different.  If claimant were a house painter, her status would be determined by the alleged employer's exercise of "control over the results produced or the means used to achieve the results, with control over the means being the more important factor" (Matter of McAlevey [Agewell Physical Therapy & Wellness, P.C.—Commissioner of Labor], 126 AD3d 1219,

_____

[3]  The issue of whether claimant is an employee under Labor Law § 511 (1) (b) (1-a) was not addressed by the Administrative Law Judge or by the Board and, thus, will not be addressed (see Matter of Lincoln [Holley Cent. School Dist.— Commissioner of Labor], 66 AD3d 1259, 1260 [2009]; Matter of Varrecchia [Wade Rusco, Inc.—Sweeney], 234 AD2d 826, 826-827 [1996]).

1220 [2015] [internal quotation marks, brackets and citations omitted]).  If this case were governed by that "means and results" standard of review, I would agree that the evidence that SNM required claimant to rehearse and perform specific pieces of music on set dates at set venues could be viewed as showing nothing more than "[i]ncidental control over the results produced," which would then require "further evidence of control over the means employed to achieve the results" to establish an employer-employee relationship (Matter of Hertz Corp. [Commissioner of Labor], 2 NY3d 733, 735 [2004]; accord Matter of Chan [Confero Consulting Assoc., Inc.—Commissioner of Labor], 128 AD3d 1124, 1125 [2015]; see Matter of Werner [CBA Indus.—Hudacs], 210 AD2d 526, 527 [1994], lv denied 86 NY2d 702 [1995]).

Here, however, claimant is a professional musician and, as the majority appears to acknowledge, she is among the types of professionals who "do not easily lend themselves to direct supervision or control" (Matter of DeSantis [Commissioner of Labor], 54 AD3d 1103, 1104 [2008]).  Thus, our inquiry into claimant's employment status does not focus on SNM's specific level of control over the means used by claimant to achieve the results of her work.  Rather, the pertinent inquiry is whether there is substantial evidence of SNM's "'control over important aspects of the services performed other than results or means'" (Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010], quoting Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d 734, 736 [1983]; see Matter of King's Brass Ceremonial [Commissioner of Labor], 75 AD3d 712, 713 [2010]).

At the hearing, claimant testified that professional musicians — and, by extension, organizations like SNM that produce musical performances — stake their "professional integrity" on being prepared to rehearse and perform, and would "be embarrassed and humiliated" if they delivered a poor performance due to lack of preparation.  Given the high level of coordination required to deliver a quality concert performance, SNM's effort to ensure that claimant's work is performed properly cannot be discounted as mere "incidental control," as proper performance is, arguably, the most important aspect of claimant's work as a musician.  To that end, SNM set the date and time of

each concert, sought out and secured the concert venues, selected the music that would be played and the musicians who would play it, required musicians to attend group rehearsals and would try to find a substitute if any musician could not perform. Additional testimony further established that SNM volunteers would be present at every concert to set up the stage and that the SNM treasurer or his designee would also be present to pay the musicians a nonnegotiable fee at the end of each performance.

The majority does not deny that any of this evidence exists. Rather, they have chosen to decide this case based upon the occasional and sporadic nature of claimant's employment and their own view of the record, which appears to be shaped, in part, by a line of cases that utilizes a standard of review that is inapplicable to the facts of this case. In my view, there is substantial evidence in the record to support the Unemployment Insurance Appeal Board's determination that SNM exercised sufficient control over claimant's work to establish an employer-employee relationship (see Matter of King's Brass Ceremonial [Commissioner of Labor], 75 AD3d at 713; Matter of DeSantis [Commissioner of Labor], 54 AD3d at 1104; Matter of Brevis Music Inc. [Commissioner of Labor], 54 AD3d 1084, 1085 [2008], lv denied 11 NY3d 712 [2008]; Matter of Faze 4 Orchestras [Sweeney], 245 AD2d 929, 929 [1997]; Matter of Sims [Hudacs], 196 AD2d 912, 912-913 [1993]).

ORDERED that the decisions are reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.

ENTER:

Robert D. Mayberger
Clerk of the Court