Garry, J.
Appeals from two decisions of the Unemployment Insurance Appeal Board, filed July 2, 2014, which ruled, among other things, that Syracuse Society for New Music, Inc. is liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated.
From 1980 to 2011, claimant performed as a professional flautist at various new classical music concerts produced by the Syracuse Society for New Music, Inc. (hereinafter SNM). In January 2012, claimant filed an application for unemployment insurance benefits, and the Department of Labor determined that claimant was an employee — and not an independent contractor — entitled to benefits and that SNM was liable for additional contributions on remuneration paid to claimant and others similarly employed. Following a hearing, an Administrative Law Judge sustained those determinations and, upon administrative appeal, the Unemployment Insurance Appeal Board affirmed. SNM appeals.
“Whether an employer-employee relationship exists is a factual determination for the Board, and its decision will be upheld if supported by substantial evidence” (Matter of John Lack Assoc., LLC [Commissioner of Labor], 112 AD3d 1042, 1043 [2013] [citations omitted]). Generally, such a relationship will be found to exist where the purported employer exercises control over the results produced or, more importantly, the means used to achieve those results (see Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010]). However, “[g]iven that professional musicians do not easily lend themselves to direct supervision or control, the relevant inquiry is whether the purported employer exercises [overall] control over important aspects of their work” (Matter of DeSantis [Commissioner of Labor], 54 AD3d 1103, 1104 [2008] [citations omitted]; see Matter of Columbia Artists Mgt. LLC [Commissioner of Labor], 109 AD3d 1055, 1056-1057 [2013]).
Here, claimant was retained only occasionally and sporadically by SNM to perform classical music with an orchestra at *1147 various venues.[1] She was paid at a set rate of $300 for each concert. Claimant was not required to sign a written contract, was permitted to accept or reject any assignments offered, maintained other employment while performing for SNM and suffered no restrictions of any sort whatsoever upon her ability to perform for other organizations (compare Matter of Encore Music Lessons LLC [Commissioner of Labor], 128 AD3d 1313, 1315 [2015]; Matter of Columbia Artists Mgt. LLC [Commissioner of Labor], 109 AD3d at 1057). She had never missed a performance, but testified that if she had hypothetically needed to be absent, it would be her ethical responsibility to attempt to obtain her own replacement. The treasurer of SNM testified that, assuming circumstances prevented claimant from attending a performance, “it would be a collaboration” to obtain a substitute, although SNM would not generally ask a musician to provide his or her own substitute.
SNM did not provide claimant with equipment; the testimony revealed that, although “somebody on the board” may occasionally have brought a box of music stand lights, SNM owned no assets, the musicians provided their own instruments and music stands, and SNM merely acted as a “facilitator” in locating equipment already present at the venue (compare Matter of Sims [Hudacs], 196 AD2d 912, 912-913 [1993]). Claimant was not required to wear a uniform or dress in any particular manner (compare Matter of North [Young People’s Chorus of N.Y.—Commissioner of Labor], 133 AD3d 1071, 1072 [2015], lv dismissed 27 NY3d 957 [2016]; Matter of DeSantis [Commissioner of Labor], 54 AD3d at 1104; Matter of Franks [McClure—Commissioner of Labor], 255 AD2d 844, 845 [1998]; Matter of Sims [Hudacs], 196 AD2d at 912). Although volunteers associated with SNM would set up the stage and seating, the musicians themselves ultimately made the decision on how to position themselves for a performance. Although the greater portion of the necessary practice for the performances was performed wholly at claimant’s discretion, there were necessarily scheduled rehearsals and defined performance dates.[2]
Viewed in context, we do not find that the requirements that claimant rehearse and perform specific pieces of music on set dates at set venues demonstrates meaningful control. These *1148 requirements were instead inescapably inherent in the underlying function, as a concert performance necessarily demands a high level of coordination. It is well settled that a requirement that work be properly performed does not constitute an exercise of control (see Matter of Hertz Corp. [Commissioner of Labor], 2 NY3d 733, 735 [2004]; Matter of Chan [Confero Consulting Assoc., Inc.—Commissioner of Labor], 128 AD3d 1124, 1126 [2015]; Matter of Werner [CBA Indus.—Hudacs], 210 AD2d 526, 528 [1994], lv denied 86 NY2d 702 [1995]). In simple terms, an individual hired to paint a building red cannot be deemed an employee merely because they are required to use red paint. Here, any alleged control exercised over claimant was necessary to ensure that the work for which she had been retained was carried out properly. Accordingly, as the record lacks substantial evidence demonstrating that SNM exercised overall control over important aspects of claimant’s work, the decisions must be reversed.[3]
Peters, P.J., and Lynch, J., concur.

. Claimant performed at one concert annually in calendar years 2004 and 2005, twice in 2006, once annually in 2007, 2008 and 2009, on four occasions in 2011, and not at all in 2012 or 2013.

. It also bears noting that, although claimant now asserts a different position, she testified at the close of the hearing that she had “never considered [SNM] to be an employer.”

. The issue of whether claimant is an employee under Labor Law § 511 (1) (b) (1-a) was not addressed by the Administrative Law Judge or by the Board and, thus, will not be addressed (see Matter of Lincoln [Holley Cent. School Dist.—Commissioner of Labor], 66 AD3d 1259, 1260 [2009]; Matter of Varrecchia [Wade Rusco, Inc.—Sweeney], 234 AD2d 826, 826-827 [1996]).