Rose, J.
(dissenting). I respectfully dissent. Contrary to the majority’s view, claimant’s employment relationship with the Syracuse Society for New Music, Inc. (hereinafter SNM) cannot be analogized to someone who is hired to paint a building red. The analysis in each scenario is fundamentally different. If claimant were a house painter, her status would be determined by the alleged employer’s exercise of “control over the results produced or the means used to achieve the results, with control over the means being the more important factor” (Matter of McAlevey [Agewell Physical Therapy & Wellness, P.C.—Commissioner of Labor], 126 AD3d 1219, 1220 [2015] [internal quotation marks, brackets and citations omitted]). If this case were governed by that “means and results” standard of review, I would agree that the evidence that SNM required claimant to rehearse and perform specific pieces of music on set dates at set venues could be viewed as showing nothing more than “[incidental control over the results produced,” which would then require “further evidence of control over the means employed to achieve the results” to establish an employer-employee relationship (Matter of Hertz Corp. [Commissioner of Labor], 2 NY3d 733, 735 [2004]; accord Matter of Chan [Confero Consulting Assoc., Inc.—Commissioner of Labor], 128 AD3d *1149 1124, 1125 [2015]; see Matter of Werner [CBA Indus.—Hudacs], 210 AD2d 526, 527 [1994], lv denied 86 NY2d 702 [1995]).
Here, however, claimant is a professional musician and, as the majority appears to acknowledge, she is among the types of professionals who “do not easily lend themselves to direct supervision or control” (Matter of DeSantis [Commissioner of Labor], 54 AD3d 1103, 1104 [2008]). Thus, our inquiry into claimant’s employment status does not focus on SNM’s specific level of control over the means used by claimant to achieve the results of her work. Rather, the pertinent inquiry is whether there is substantial evidence of SNM’s “ ‘control over important aspects of the services performed other than results or means’ ” (Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010], quoting Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d 734, 736 [1983]; see Matter of King’s Brass Ceremonial [Commissioner of Labor], 75 AD3d 712, 713 [2010]).
At the hearing, claimant testified that professional musicians — and, by extension, organizations like SNM that produce musical performances — stake their “professional integrity” on being prepared to rehearse and perform, and would “be embarrassed and humiliated” if they delivered a poor performance due to lack of preparation. Given the high level of coordination required to deliver a quality concert performance, SNM’s effort to ensure that claimant’s work is performed properly cannot be discounted as mere “incidental control,” as proper performance is, arguably, the most important aspect of claimant’s work as a musician. To that end, SNM set the date and time of each concert, sought out and secured the concert venues, selected the music that would be played and the musicians who would play it, required musicians to attend group rehearsals and would try to find a substitute if any musician could not perform. Additional testimony further established that SNM volunteers would be present at every concert to set up the stage and that the SNM treasurer or his designee would also be present to pay the musicians a nonnegotiable fee at the end of each performance.
The majority does not deny that any of this evidence exists. Rather, they have chosen to decide this case based upon the occasional and sporadic nature of claimant’s employment and their own view of the record, which appears to be shaped, in part, by a line of cases that utilizes a standard of review that is inapplicable to the facts of this case. In my view, there is substantial evidence in the record to support the Unemployment Insurance Appeal Board’s determination that SNM *1150 exercised sufficient control over claimant’s work to establish an employer-employee relationship (see Matter of King’s Brass Ceremonial [Commissioner of Labor], 75 AD3d at 713; Matter of DeSantis [Commissioner of Labor], 54 AD3d at 1104; Matter of Brevis Music Inc. [Commissioner of Labor], 54 AD3d 1084, 1085 [2008], lv denied 11 NY3d 712 [2008]; Matter of Faze 4 Orchestras [Sweeney], 245 AD2d 929, 929 [1997]; Matter of Sims [Hudacs], 196 AD2d 912, 912-913 [1993]).
Ordered that the decisions are reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court’s decision.