Matter of Tannenbaum (A Class Act NY, LLC-- Commissioner of Labor) (2021 NY Slip Op 06012)





Matter of Tannenbaum (A Class Act NY, LLC-- Commissioner of Labor)


2021 NY Slip Op 06012


Decided on November 4, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 4, 2021

529590
[*1]In the Matter of the Claim of Sharone Tannenbaum, Respondent. A Class Act NY, LLC, Appellant. Commissioner of Labor, Respondent.

Calendar Date:October 19, 2021

Before:Garry, P.J., Lynch, Clark, Reynolds Fitzgerald and Colangelo, JJ.

Law Office of David Wims, New York City (David Wims of counsel), for appellant.
Clea Weiss, Ithaca, for Sharone Tannenbaum, respondent.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for Commissioner of Labor, respondent.



Garry, P.J.
Appeals from two decisions of the Unemployment Insurance Appeal Board, filed December 21, 2018, which ruled that A Class Act NY, LLC was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated.
A Class Act NY, LLC (hereinafter ACANY) is an acting studio that provides acting instruction to children, among others. In 2014, ACANY retained the services of claimant, a Broadway actress and acting instructor, to teach a one-week Broadway summer camp for children that culminated in a recital for family and friends of the students. Claimant subsequently filed a claim for unemployment insurance benefits, prompting the Department of Labor to examine the nature of the relationship between ACANY and claimant and other similarly situated instructors. In September 2014, the Department of Labor issued a determination finding that claimant was an employee of ACANY for purposes of unemployment insurance benefits and that ACANY was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated. ACANY objected and, following a hearing, an Administrative Law Judge overruled the Department's determination. Upon review, the Unemployment Insurance Appeal Board reversed the decision of the Administrative Law Judge and sustained the Department's determination, finding that claimant was an employee of ACANY and therefore eligible for benefits based upon remuneration paid to her and others similarly situated. ACANY appeals.
We affirm. "Whether an employment relationship exists within the meaning of the unemployment insurance law is a question of fact, no one factor is determinative and the determination of the Board, if supported by substantial evidence on the record as a whole, is beyond further judicial review even though there is evidence in the record that would have supported a contrary conclusion" (Matter of Thomas [US Pack Logistics, LLC-Commissioner of Labor], 189 AD3d 1858, 1859 [2020] [internal quotation marks and citations omitted]; see Matter of Vega [Postmates Inc.-Commissioner of Labor], 35 NY3d 131, 136 [2020]). "Substantial evidence is a minimal standard requiring less than a preponderance of the evidence. As such, if the evidence reasonably supports the Board's choice, we may not interpose our judgment to reach a contrary conclusion" (Matter of Vega [Postmates Inc.-Commissioner of Labor], 35 NY3d at 136-137 [internal quotation marks, brackets and citations omitted]). Where, as here, "the provision of professional services is involved, the relevant inquiry becomes whether the purported employer retains overall control of important aspects of the services performed" (Matter of Eray Inc. [Commissioner of Labor], 136 AD3d 1129, 1130 [2016]; see Matter of Wilner [Primary Stages Co. Inc.-Commissioner of Labor], 128 AD3d 1148, 1149 [2015], lv dismissed 26 NY3d 955 [2015]; Matter of Piano School of N.Y. City [Commissioner of Labor[*2]], 71 AD3d 1358, 1359 [2010]).
The record reflects that, prior to retaining claimant, ACANY's owner/artistic director met with claimant to evaluate her and ensure that claimant possessed the right temperament to work with children. ACANY recruited the students for the camp, organized the sign-up process and collected the students' registration fee, an amount that ACANY set and which was paid directly to ACANY. ACANY established the age group for students who could attend the camp, limited the number of students who could enroll in the camp and unilaterally set claimant's salary for the camp. ACANY rented and provided the studio space in which claimant conducted her instruction and provided a pianist to accompany the song and dance routines, a music player and speakers for claimant to use and scripts, CDs and name tags for the students. Regarding the curriculum, although claimant could make edits without approval and maintained control over the choreography, ACANY provided claimant with a preapproved list of songs from which claimant was required to select music, and ACANY's owner/artistic director attended the recital performed by the students at the end of the camp. ACANY also fielded and attempted to resolve any complaints that arose from the parents of students. In view of the foregoing, substantial evidence supports the Board's finding that claimant was an employee of ACANY for purposes of unemployment insurance benefits, notwithstanding the existence of evidence in the record that would support a contrary conclusion (see Matter of Wilner [Primary Stages Co. Inc.-Commissioner of Labor], 128 AD3d at 1149-1150; Matter of Piano School of N.Y. City [Commissioner of Labor], 71 AD3d at 1359). We have reviewed ACANY's remaining contentions and find them to be unavailing.
Lynch, Clark, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the decisions are affirmed, without costs.