Matter of Ewens (School of Visual Arts, LLC--Commissioner of Labor) (2021 NY Slip Op 06894)





Matter of Ewens (School of Visual Arts, LLC--Commissioner of Labor)


2021 NY Slip Op 06894


Decided on December 9, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 9, 2021

531796
[*1]In the Matter of the Claim of Martin Ewens, Respondent. School of Visual Arts, LLC, Appellant. Commissioner of Labor, Respondent.

Calendar Date:November 17, 2021

Before:Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Proskauer Rose LLP, New York City (John P. Barry of counsel), for appellant.
David E. Woodin, Catskill, for Martin Ewens, respondent.
Letitia James, Attorney General, New York City (Gary Leibowitz of counsel), for Commissioner of Labor, respondent.



Aarons, J.
Appeals from two decisions of the Unemployment Insurance Appeal Board, filed January 22, 2020, which ruled that School of Visual Arts, LLC was liable for unemployment insurance contributions based on remuneration paid to claimant and others similarly situated.
School of Visual Arts, LLC (hereinafter SVA) is a higher education institution offering undergraduate and graduate degrees in the visual arts. In conjunction therewith, SVA periodically posts on both its own and other industry websites for actors and models for use in a student's project or thesis. Claimant worked in what SVA denominated as a "guest actor" position on two occasions in 2016. On each occasion, claimant worked for approximately three hours and, upon tendering an invoice to SVA, was paid at the flat rate of $10 per hour for his services. Claimant subsequently filed a claim for unemployment insurance benefits, and the Department of Labor issued an initial determination finding that SVA exercised sufficient supervision, direction and control over claimant's activities to establish an employment relationship. Following a hearing, an Administrative Law Judge upheld that determination. The Unemployment Insurance Appeal Board affirmed, and this appeal by SVA ensued.
"Whether an employer-employee relationship exists is a factual issue for the Board to resolve, and its determination will be upheld if supported by substantial evidence in the record" (Matter of Mayo [Epstein-Commissioner of Labor], 193 AD3d 1199, 1199-1200 [2021] [citations omitted]; see Matter of Lowry [Uber Tech., Inc.-Commissioner of Labor], 189 AD3d 1863, 1863 [2020], lv dismissed 37 NY3d 1045 [2021]; Matter of Jordan [Alterna Holdings Corp.-Commissioner of Labor], 187 AD3d 1264, 1265 [2020]). Where — as here — the claimant is a professional, such as a musician, actor or author, "the relevant inquiry is whether the purported employer exercises overall control over important aspects of the[] work" (Matter of Greene [Syracuse Socy. for New Music, Inc.-Commissioner of Labor], 139 AD3d 1146, 1146 [2016] [internal quotation marks, brackets and citation omitted], lv denied 28 NY3d 903 [2016]; see Matter of Mitchell [Nation Co. Ltd Partners-Commissioner of Labor], 145 AD3d 1404, 1405-1406 [2016]).
The record reflects that SVA advertised on various online platforms for actors and/or models to assist in student projects. An interested individual would be provided with a script and any associated props for the project, and the resulting work would be performed at either SVA's soundstage or an off-site location. SVA's representative testified that all actors were paid a flat fee of $10 per hour, which SVA paid following the actor's execution of an invoice that, in turn, denominated the actor as an independent contractor. SVA's standard invoice further acknowledged that actors were not precluded from providing similar services for other entities and made clear that such individuals were not entitled to any fringe [*2]benefits. SVA's representative similarly testified that no taxes or other withholdings were deducted from the actor's compensation, nor were actors reimbursed for travel or out-of-pocket expenses. Although SVA retained the right to cancel a scheduled assignment without pay upon 24 hours' notice, potential actors were not required to fill out an employment application and nothing in the record suggests that the resulting performances were evaluated or critiqued by SVA personnel.
Claimant, a professional actor who maintained his own website and IMDb listing [FN1] to showcase his acting experience and credentials, was referred for the two assignments at issue by an SVA faculty member. Claimant readily acknowledged that he only provided services for SVA once or twice a year, that he was free to provide similar services for other entities, that he could decline to participate in SVA projects for any reason, that he signed a written invoice proclaiming his status as an independent contractor and that no deductions were taken from his pay. Although claimant insisted, contrary to the testimony offered by SVA's representative, that the scripts provided to him were not authored — and the scenes in which he appeared were not directed — by students, a closer reading of claimant's testimony nonetheless reveals that the "direction" that he purportedly received from SVA faculty members was minimal and for the purpose of teaching students how to direct. In short, despite other possible indicia of an employment relationship, the record as a whole does not demonstrate that SVA exercised overall control over important aspects of the professional services offered by claimant (see Matter of Burgess [Attack! Mktg., LLC-Commissioner of Labor], 145 AD3d 1282, 1284 [2016]; Matter of Berger [Gail & Rice, Inc.-Commissioner of Labor], 143 AD3d 1024, 1025-1026 [2016], lv denied 29 NY3d 905 [2017]; Matter of Greene [Syracuse Socy. for New Music, Inc.-Commissioner of Labor], 139 AD3d at 1146-1148). Accordingly, the Board's decisions are reversed.
Egan Jr., J.P., Clark, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the decisions are reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: IMDb stands for the "Internet Movie Database."