■ In the Matter of McDONALD/RICHARDS, INC., Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [649 NYS2d 75] —Mercure, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 21, 1995, which, *inter alia*, assessed McDonald/Richards, Inc. for additional unemployment insurance contributions.

McDonald/Richards, Inc. is a modeling agency that provides models to various clients for advertisements. After one of its models filed a claim and was found eligible for unemployment insurance benefits, the Unemployment Insurance Appeal Board assessed McDonald/Richards for additional unemployment insurance contributions for other similarly situated models. McDonald/Richards argues that the Board's decision, finding it to be an employer of the models, is not supported by substantial evidence because the models are not its employees but independent contractors.

Evidence was adduced at the hearing that clients contact McDonald/Richards requesting models of a particular age, height and hair color. McDonald/Richards, in turn, provides the clients with photographs of the models and the clients select which models they want. The clients offer a certain pay rate which McDonald/Richards can either accept or refuse. If the pay rate is accepted, McDonald/Richards then offers the assignment to the model who can accept or refuse it. If the model accepts the assignment, McDonald/Richards notifies the model of the date, place and time. At the conclusion of the assignment, the model and client sign a voucher containing the prenegotiated terms of the agreement between McDonald/Richards and the client. McDonald/Richards, in turn, invoices the client and, upon receiving payment, deducts its commission from the amount which it pays to the model. If the client does not pay, the model does not receive his or her fee.

The clients pay all expenses. Either the model or the client provides the necessary makeup and hair dressings. McDonald/Richards does not evaluate the performance of its models or provide them with training. It does, however, respond to complaints from clients concerning the models. In addition, the models contact McDonald/Richards if they are unable to make an appointment. In certain instances, McDonald/Richards will pay an advance to a model. Finally, while McDonald/Richards does not prevent the models from working for other agencies, it may decide to no longer represent them.

Given McDonald/Richards' involvement in coordinating the models' work assignments, negotiating their fees and responding to clients' complaints, we find substantial evidence support-

ing the Board's finding that McDonald/Richards exercises a sufficient degree of direction and control over the models to be deemed their employer *(see, Matter of Barnes [USA Models—Sweeney], 216 AD2d 619, lv denied 86 NY2d 710; Matter of Chopik [Newman—Hartnett], 145 AD2d 747)*. Consequently, the Board's decision must be affirmed.

Cardona, P. J., White, Casey and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.