*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 19, 2015        520258
_____

In the Matter of the Claim of
    CHRISTOPHER NORTH,
                    Respondent.

YOUNG PEOPLE'S CHORUS OF NEW
    YORK,                                    MEMORANDUM AND ORDER
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
_____


Calendar Date:  October 22, 2015

Before:  Peters, P.J., Garry, Rose and Clark, JJ.

_____


        Locke Lord, LLP, New York City (David R. Marshall of
counsel), for appellant.

        Eric T. Schneiderman, Attorney General, New York City (Gary
Leibowitz of counsel), for Commissioner of Labor, respondent.

_____


Peters, P.J.

        Appeals from two decisions of the Unemployment Insurance
Appeal Board, filed February 27, 2014, which ruled that Young
People's Chorus of New York is liable for unemployment insurance
contributions on remuneration paid to claimant and others
similarly situated.

        Young People's Chorus of New York (hereinafter YPCNY)
presents concerts performed by a children's chorus at various
venues.  YPCNY engages musicians to play the accompanying music,
and claimant played the bass during concerts held between April

2003 and December 2008.  Claimant thereafter applied for unemployment insurance benefits and the Department of Labor determined that claimant was an employee of YPCNY and that YPCNY was liable for unemployment insurance contributions based on remuneration paid to claimant and others similarly situated. YPCNY objected on the ground that claimant was an independent contractor and, following a hearing, the Administrative Law Judge sustained the initial determination.  The Unemployment Insurance Appeal Board affirmed and YPCNY now appeals.

We affirm.  "The existence of an employer-employee relationship is a factual issue for the Board to resolve and its decision will be upheld if supported by substantial evidence" (Matter of Ruano [Legal Interpreting Servs., Inc.—Commissioner of Labor], 118 AD3d 1088, 1088 [2014], lv dismissed 24 NY3d 1039 [2014]; accord Matter of Klotz [Blue Perimeter, Inc.—Commissioner of Labor], 127 AD3d 1459, 1460 [2015]).  Here, YPCNY provided claimant with the date, time and place for the concerts, the rehearsal times and the music to be performed.  Claimant was paid a set rate of between $250 and $600 per concert and YPCNY paid his travel expenses.  YPCNY would inform claimant of the required dress code for the concerts and claimant was required to inform YPCNY if he was going to be late or absent.  YPCNY's president was the musical conductor at the concerts and was responsible for handling complaints about the musicians.  While there is other evidence in the record that would support a different result, the foregoing constitutes substantial evidence supporting the Board's decision that YPCNY exercised sufficient control over the services provided by the musicians to establish an employment relationship (see Matter of Franks [McClure—Commissioner of Labor], 255 AD2d 844, 845 [1998]; Matter of Sybco Intl. [Sweeney], 244 AD2d 614 [1997]; Matter of New York Philomusica Chamber Ensemble [Hartnett], 165 AD2d 963 [1990]).

Garry, Rose and Clark, JJ., concur.

ORDERED that the decisions are affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court