*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 10, 2016                520644
_____

In the Matter of the Claim of
    SYDNEE WAGGONEER,
                    Respondent.

PRESTON LEASING CORPORATION,                MEMORANDUM AND ORDER
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  January 13, 2016

Before:  Peters, P.J., Garry, Egan Jr., Rose and Clark, JJ.

_____

        Ganz Wolkenbreit & Siegfeld LLP, Albany (Matthew M. Zapala of counsel), for appellant.

        Samuel D. Castellino, Big Flats, for Sydnee Waggoneer, respondent.

        Eric T. Schneiderman, Attorney General, New York City (Mary Hughes of counsel), for Commissioner of Labor, respondent.

_____

Rose, J.

        Appeals from two decisions of the Unemployment Insurance Appeal Board, filed August 15, 2014, which ruled, among other things, that Preston Leasing Corporation was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated.

        Preston Leasing Corporation provides localized promotional marketing services for goods and products manufactured by its

clients in the cosmetics and alcohol industries.  Claimant, as a promotional sales model who provided services to Preston, distributed samples of the clients' products and free merchandise featuring those clients' logos or emblems.  When claimant's work at Preston came to an end, she filed an application for unemployment insurance benefits, and the Department of Labor determined that claimant was an employee entitled to benefits and that Preston was liable for additional contributions on remuneration paid to claimant and others similarly employed.  Following a hearing, an Administrative Law Judge sustained those determinations and, upon administrative appeal, the Unemployment Insurance Appeal Board affirmed.  Preston now appeals.

We affirm.  "Whether an employment relationship exists within the meaning of the unemployment insurance law is a question of fact, no one factor is determinative and the determination of the . . . [B]oard, if supported by substantial evidence on the record as a whole, is beyond further judicial review even though there is evidence in the record that would have supported a contrary conclusion" (Matter of Isaacs [Speedy Media Assoc., LLC—Commissioner of Labor], 125 AD3d 1077, 1078 [2015] [internal quotation marks and citations omitted]; see Matter of Viau [New York State Off. of Ct. Admin.—Commissioner of Labor], 125 AD3d 1223, 1224-1225 [2015]; Matter of Ruano [Legal Interpreting Servs., Inc.—Commissioner of Labor], 118 AD3d 1088, 1088 [2014], lv dismissed 24 NY3d 1039 [2014]).  "An employer-employee relationship exists when the evidence shows that the employer exercises control over the results produced or the means used to achieve the results [although] control over the means is the more important factor to be considered" (Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010] [internal quotation marks and citations omitted]; accord Matter of Isaacs [Speedy Media Assoc., LLC—Commissioner of Labor], 125 AD3d at 1078).

Here, Preston directed potential promotional sales models to fill out an application and to provide references.  Preston established the pay rates, paid claimant directly regardless of whether a client paid Preston and, at times, reimbursed claimant for certain travel or incidental expenses.  Preston determined the time, date and location of the promotional events, as well as

the particular products that claimant would be required to distribute at the events (see Matter of North [Young People's Chorus of N.Y.—Commissioner of Labor], 133 AD3d 1071, 1072 [2015]).  Prior to a promotional event, Preston's managers instructed claimant to dress appropriately (see id.) and not to distribute products at the events that were not being promoted. The managers also explained what was expected of her at the event and informed her of what she should say at the events about the clients' products.  If claimant could not report for a scheduled event or complete her shift, she was expected to contact a manager at Preston.  Following an event, she was expected to fill out a Preston "recap form" summarizing her time spent at and information about the event, and she was required to submit the form to a manager at Preston.  While claimant could and did work for other companies, she did not maintain her own business for promotional sales marketing.  On occasion, Preston would contact its clients to review and critique claimant's work at the promotional events, and Preston directly handled clients' complaints (see Matter of Chopik [Newman—Hartnett], 145 AD2d 747, 749-750 [1988]; see also Matter of North [Young People's Chorus of N.Y.—Commissioner of Labor], 133 AD3d at 1072).  Accordingly, we conclude that there is substantial evidence to support the Board's finding of an employer-employee relationship (see Matter of Caufield-Ori [Blumberg—Sweeney], 233 AD2d 558, 559 [1996], lv dismissed 89 NY2d 982 [1997]; Matter of McDonald/Richards, Inc. [Sweeney], 232 AD2d 916, 917 [1996], lv denied 89 NY2d 806 [1997]; Matter of Horn [Hudacs], 201 AD2d 816, 816-817 [1994]; Matter of Horne [Colonia, Inc.—Hudacs], 188 AD2d 922, 922 [1992]).

Peters, P.J., Garry, Egan Jr. and Clark, JJ., concur.

ORDERED that the decisions are affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court